LANDIS, APPELLEE, *v.* THE PIONEER MUTUAL CASUALTY CO., APPELLANT.

(No. 141—Decided October 3, 1961.)

*Mr. Everett Fahrenholz,* for appellee.
*Messrs. Ailes & Stridsberg,* for appellant.

KERNS, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Preble County in an action commenced by the plaintiff, Kenneth F. Landis, appellee herein, to recover medical and hospital expenses in the amount of $451.20 from the defendant, The Pioneer Mutual Casualty Company, appellant herein, under a "school accident policy" issued to the Preble County School System.

By its answer, the defendant admits that Tommy Landis, a minor, age six (6) years, the son of the plaintiff was insured under such policy of insurance on the 31st day of January 1960, and that the insurance covered him during the entire twenty-four (24) hour period of each day.

On that date, Tommy fell in his home, and sustained a laceration and bruise on the right side of his head, which allegedly resulted in the medical and hospital expenses incurred by the plaintiff.

In this appeal, the first error assigned is that "the court erred in admitting into evidence as items of damage the amounts

claimed to have been incurred for hospital and medical services, in the absence of any testimony as to the necessity and reasonable value of such services.

Although this assignment of error is a paraphrase of the syllabus of the case of *DeTunno, a Minor*, v. *Shull*, 166 Ohio St., 365, the rule established thereby has no application where the evidence, including all reasonable inferences to be drawn therefrom, leads, without contradiction, to the conclusion that the services rendered were necessary and that the charges therefor were reasonable.

Here, Dr. Michael Phillips, the family physician, testified that he was familiar with the course of treatment from its inception until its completion. He described in detail the course of treatment and examined the bills for services connected therewith which were paid by the plaintiff. He testified specifically as to the reasonableness of the charges for the services rendered; and that said services were necessary is the only reasonable inference which the plaintiff's evidence will admit. By contrast, the suggestion of the defendant that the hospitalization, the anesthesia, and the evacuation of the blood clot were not necessary appears unreasonable in the complete absence of any evidence by the defendant to dispute the charges upon which the plaintiff's claim is based. Furthermore, the testimony of the plaintiff's wife that the bills stemming from the accident were actually paid in the amount claimed stands uncontradicted in the record. We find no merit in the first assignment of error.

For its second assignment of error, the defendant states "that the court erred in directing a verdict for the plaintiff as to the amount of the hospital and medical expenses incurred by the plaintiff's son."

As heretofore noted, the defendant made no attempt upon cross-examination of the plaintiff's witnesses to dispute the amounts claimed to have been paid as a direct result of the accident, and at the close of plaintiff's evidence, the defendant stated to the court that it did not desire to proceed further. The only testimony in the case relating to medical and hospital expenses incurred and paid was that of the plaintiff. We cannot agree with the defendant, therefore, that there were any issuable facts as to the amount claimed by the plaintiff under the contract which might justify the submission of the case to the jury on the question of damages.

The defendant contends also that "the court erred in directing a verdict for the plaintiff as to liability of the defendant under its contract of insurance."

This assignment of error is predicated upon a provision of the policy which requires that the loss must result "independently of all other causes from accidental bodily injuries." In this regard, the defendant attempted to show by cross-examination of the plaintiff's witnesses that the loss was due to a congenital clotting defect. This attempt reached a stage of futility during the cross-examination of Dr. Phillips who testified that several clotting tests were given to the boy in the hospital, and that none of these reflected a congenital defect. The same witness testified further that the course of treatment was necessitated by the bump on the head, and that there was no intervening cause completely separated from the accident.

But assuming that the plaintiff's son was more susceptible to bleeding than other children, or had exceptionally brittle bones, or was allergic to medicines, or was crippled, etc., we fail to comprehend how these factors might be considered "independent causes" which would affect the liability of the defendant under the contract after premiums have been paid and accepted without regard for any pre-existing physical imperfections. Here, the evidence is undisputed that the boy fell and struck his head causing the hematoma which necessitated the course of treatment. As we review the record, it was this accident, independent of other causes, and not any pre-existing condition, that occasioned the loss.

Upon the evidence presented in this case, and construing the evidence most favorably to the defendant, as we must, it is inconceivable, in our opinion, that the jury would, or reasonably could, return a verdict other than that which the trial court directed it to return. We find no assignment of error well made.

The judgment will be affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.