WOOD ET AL., APPELLANTS, *v.* ELZOHEARY, APPELLEE.

(No. 46244—Decided August 22, 1983.)

*Mr. Ronald K. Riley,* for appellants Hattie Wood et al.
*Mr. Paul D. Eklund,* for appellee Essam Elzoheary.

MARKUS, P.J. Plaintiffs appeal on damage issues from a judgment in an admitted liability personal injury case. They claim that the trial court improperly excluded evidence about substantial medical and physiotherapy expenses. Defendant argues that plaintiffs failed to show those expenses were reasonably necessary for injuries sustained in the described automobile collision. We conclude that the court should have permitted the jury to consider plaintiffs' claims about those expenses. Therefore, we reverse and remand for a retrial.

Plaintiff-wife alleged that she sus-

tained injuries and incurred related expenses from a motor vehicle collision on October 22, 1978. Plaintiff-husband was not present when the collision occurred, but he sought damages for the claimed loss of his wife's consortium and services. Defense counsel admitted that wife sustained some damage in that incident, but denied the nature and severity of the claimed injuries.

At the trial, plaintiffs' evidence included testimony by plaintiff-wife, plaintiff-husband, their adult daughter, and a treating physician. Defendant's counsel cross-examined those witnesses and presented testimony from a physician who examined plaintiff-wife for the defense. Both medical witnesses testified by deposition. The court excluded plaintiffs' evidence about much of her claimed medical care, all claimed physical therapy, and the charges made for that treatment.[1] The jury assessed plaintiff-wife's damages at $6,325, but found no damages for plaintiff-husband.

Plaintiffs' two assigned errors are interrelated:

"I. The trial court erred in granting defendant's motion in limine which excluded from evidence medical bills from both Dr. Kaminski [sic] and St. John's Hospital.

"II. The medical bills should have been admitted under the business records exception to the hearsay rules."

Plaintiffs' proffered evidence shows that Dr. Kaminsky's bill was $260 and the physical therapy bills aggregated $3,552. Their counsel supplied defendant's attorney with copies of all those bills more than five days before trial. Consequently, they are prima facie evidence of the reasonableness of those charges for the described services. R.C. 2317.421.

However, defendant argues that no evidence showed the care was necessary for injuries sustained in the collision. Dr. Kaminsky did not testify. He was the physician who prescribed the extended physical therapy treatments. No one asked the later treating physician who did testify whether Dr. Kaminsky's care or the physical therapy was necessary for plaintiff-wife's injuries.

To support his contentions, defendant relies principally on the syllabus for *DeTunno* v. *Shull* (1957), 166 Ohio St. 365 [2 O.O.2d 281]:

"Ordinarily a jury may not consider as items of damage the amounts of indebtedness claimed to have been incurred for hospital and medical services, in the absence of any testimony as to the necessity and reasonable value of such services."

However, our examination of that decision and later authority persuade us that it does not control the issues here.

First, *DeTunno* relies heavily on the absence of any evidence that the disputed expenses were reasonable charges for the medical services provided. The legislature has subsequently resolved the dispute whether medical bills are themselves some evidence of their own reasonableness. R.C. 2317.421 causes them to be prima facie evidence of their reasonableness, while affording opposing counsel an opportunity to challenge their reasonableness with contrary evidence. In this case, defense counsel offered no evidence to contest the reasonableness of the disputed charges.

Second, *DeTunno* does not require any particular type of evidence to show that medical services are reasonably necessary. The plaintiff in *DeTunno* claimed expenses for three physicians and hospital physical therapy. One physician did not testify, and no evidence explained

---

[1] The rulings which excluded that evidence were a pretrial order in limine and a later rejection of plaintiffs' proffered testimony by the physical therapist. That proffer included copies of the hospital therapist's records and the corresponding bills. The court also sustained objections or caused plaintiffs' counsel to withdraw questions on these subjects.

the nature of care provided by him. A second physician testified that he saw the plaintiff solely for medical-legal purposes and rendered no treatment. The third physician and the physical therapist apparently failed to relate their treatment to the liability incident, rather than another identified traumatic event.

Proof that medical care was reasonably necessary is part of the claimant's burden to show that the liability event proximately caused the claimed damage. Proof that the liability event caused the claimed injury need not include expert opinion testimony when the causal relationship is a matter of common knowledge. *Bowling* v. *Indus. Comm.* (1945), 145 Ohio St. 23 [30 O.O. 245], paragraph five of the syllabus; *Zalzal* v. *Scott* (1981), 1 Ohio App. 3d 151, 152.

Similarly, proof that described medical care was reasonably necessary for identified injuries may not require expert testimony when that treatment is a matter of common knowledge. The jury may sometimes decide whether specific care was justified for injuries caused by the liability event from evidence about the nature of the injuries and the nature of the care. *Landis* v. *Pioneer Mut. Cas. Co.* (1961), 116 Ohio App. 309 [22 O.O.2d 13].

In this case, plaintiffs sought payment of bills for treatment by a physician and a physical therapist involving wife's complaints about her neck and back. Plaintiff-husband, plaintiff-wife, and their adult daughter all described a marked change in wife's physical condition immediately following the collision. Each recounted her disability to accomplish ordinary household duties which had been her routine before.

Plaintiff-wife testified that her neck and back complaints began at the collision and continued to the trial. A treating physician provided expert testimony about the nature of her neck and back injury. That physician treated plaintiff-wife after both health care providers whose bills are disputed. He expressed his opinion that the collision with defendant's car caused those injuries. Defendant's expert witness said that the described impact probably caused some injury to that part of her anatomy, but not to the extent claimed.

The trial court precluded plaintiff-wife and the physical therapist from detailing the treatment for which the excluded charges were made. However, the proffered records show that the physical therapy consisted of heat, hot packs, massage, and whirlpool. All treatments were provided to the patient's neck and back for complaints to those areas. If permitted to testify, the duly licensed physical therapist was qualified to give her opinion whether her treatment was necessary for those conditions. Evid. R. 702.

The records also include prescriptions from Dr. Kaminsky, which show that he was treating the same conditions. Plaintiff-wife testified that she consulted him for these same complaints; he examined her and prescribed pain medication.

Collectively, this evidence was sufficient to permit the jury's consideration of the disputed treatment and the related bills. They should decide whether that evidence has significance or not.

Defendant also challenges the foundation for presenting the records. The therapy bills and the therapy treatment records appear to be "records of regularly conducted activity" at St. John's Hospital. Evid. R. 803(6); cf. R.C. 2317.40. Plaintiffs proffered the author of the treatment records to authenticate them. Moreover, they were properly certified and supplied to defense counsel, so they were self-authenticating records. R.C. 2317.422.

Defendant acknowledged that the disputed bills were accurate; the defense objection concerned their reasonable necessity. Even if the physical bills were never authenticated, the stated amounts

were proper evidence of reasonable costs for reasonably necessary care.

Plaintiffs' assignments of error have merit. The trial court's judgment is reversed, and the case is remanded for a new trial.

*Judgment reversed and case remanded.*

WHITESIDE and DONOFRIO, JJ., concur.

WHITESIDE, J., of the Tenth Appellate District, sitting by assignment in the Eighth Appellate District.

DONOFRIO, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.