Plaintiff-appellant Dennis Driscoll appeals from the directed verdict entered by the trial court at the end of plaintiff's case in favor of defendant-appellee Frances O. Gruss on plaintiff's claims for personal injury arising out of an automobile collision. Plaintiff contends the trial court erred in directing a verdict for lack of expert medical evidence of proximate cause when it was within the common experience of the jury to determine from the facts that plaintiff suffered some injury in the collision; and further erred in improperly admitting evidence and interjecting himself in the cross-examination to plaintiff's detriment. We find merit to the appeal and reverse and remand for a new trial.
The plaintiff's evidence at trial revealed that the collision occurred on March 25, 1995 at 4:00 a.m. on the westbound I-480 one-way exit ramp leading to southbound S.R. 237 and Hopkins airport. According to Officer Stanley Kowalczyk, the Cleveland police officer investigating the accident, although neither driver was cited, defendant was going the wrong way on the one-way ramp and the cars collided head-on resulting in total demolition of both vehicles. Plaintiff and defendant were both taken immediately to Fairview General Hospital. Officer Kowalczyk testified that he talked with plaintiff and defendant at the hospital where defendant admitted that she "inadvertently got on the wrong way of the freeway." Plaintiff was confined to the hospital for eight days and was treated for a broken arm, fractured sternum, five broken ribs, fractured right wrist, fractured collar bone and a ruptured anterior cruciate ligament (ACL), ruptured patella tendon and shattered left knee cap requiring surgery. Plaintiff testified to these injuries and all his medical and hospital records were offered and received in evidence. His medical bills totaled $45,606.16 of which approximately $18,000 pertained to his initial post-accident stay at Fairview General. Plaintiff did not offer any expert medical testimony as to the proximate cause of his injuries, but did not claim any permanent injury resulting from the accident.
At the conclusion of plaintiff's evidence, the trial court found:
 that the failure of the plaintiff to provide expert medical testimony with reference to proximate cause as a result of the collision is a failure that cannot be cured and the defendant's motion for directed verdict will be granted.
(Tr. 170).
Plaintiff's timely appeal ensued. His first assignment of error states as follows:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED A DIRECTED VERDICT SUA SPONTE TO DEFENDANT-APPELLEE ON THE GROUNDS THAT PLAINTIFF FAILED TO ESTABLISH ANY DAMAGES DESPITE PLAINTIFF'S TESTIMONY AT TRIAL AS TO TREATMENT AND DAMAGES SUSTAINED AND DESPITE BILLS AND MEDICAL RECORDS WERE PROVIDED PURSUANT TO R.C. 2317.422 AND R.C. 2318.421 IN ADVANCE OF TRIAL AND THAT PLAINTIFF DID NOT MAKE A CLAIM FOR PERMANENCY AND OFFERED BILLS/MEDICAL RECORDS AS EVIDENCE AT TRIAL.
The test for whether or not to grant a directed verdict was recently set forth by this Court in Avondet v. Blankstein
(1997), 118 Ohio App.3d 357, 364-65:
 In ruling on a directed verdict motion, Civ.R. 50(A)(4), the court construes the evidence in the light most favorable to the party opposing the motion. Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119, 671 N.E.2d 252, 255; Mitchell v. Cleveland Elec. Illum. Co. (1987), 30 Ohio St.3d 92, 93, 30 OBR 295, 295-296, 507 N.E.2d 352, 353-354. The judge neither weighs the evidence nor determines the witnesses' credibility. Wagner, supra; Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 284, 21 O.O.3d 177, 178-179, 423 N.E.2d 467, 469. If the court finds that reasonable minds could come to but one conclusion and that conclusion is adverse to the party opposing the motion, the court should direct the verdict. Wagner and Mitchell, supra.
Plaintiff contends that the immediate injuries suffered in the collision, his emergency care and treatment and the bills incurred pursuant thereto were so obvious that it was not necessary to produce expert medical testimony to establish the proximate causal relationship. We agree.
Generally, a plaintiff must present expert testimony on the issue of proximate cause when the causal connection between the negligence and the injury is beyond the common knowledge and understanding of the jury. Berdyck v. Shinde (1993), 66 Ohio St.3d 573; Bruni v. Tatsumi (1976), 46 Ohio St.2d 127; Nicholsv. Hanzel (1996), 110 Ohio App.3d 591. However, expert opinion testimony is not necessary in a negligence action when the causal relationship is a matter of common knowledge. Wood v.Elzoheary (1983), 11 Ohio App.3d 27, 29.
In Wood, this Court stated as follows:
 Proof that medical care was reasonably necessary is part of the claimant's burden to show that the liability event proximately caused the claimed damage. Proof that the liability event caused the claimed injury need not include expert opinion testimony when the causal relationship is a matter of common knowledge. Bowling v. Indus. Comm.
(1945), 145 Ohio St. 23 [30 O.O. 245], paragraph five of the syllabus; Zalzal v. Scott (1981), 1 Ohio App.3d 151, 152.
 Similarly, proof that described medical care was reasonably necessary for identified injuries may not require expert testimony when that treatment is a matter of common knowledge. The jury may sometimes decide whether specific care was justified for injuries caused by the liability event from evidence about the nature of the injuries and the nature of the care. Landis v. Pioneer Mut. Cas. Co. (1961), 116 Ohio App. 309
[22 O.O.2d 13].
Id. Cited and followed in Sutherin v. Dimora (March 9, 1998), Cuyahoga App. No. 72351, unreported at 8; Fiorini v. Whiston
(1993), 92 Ohio App.3d 419, 427.
In such instances when expert testimony is not required, the testimony of the plaintiff is sufficient to prove that the liability event caused the claimed damages. A plaintiff's testimony alone is sufficient evidence to permit a trial court to conclude that his or her injuries were directly or proximately related to an automobile collision when it is a matter of common knowledge that such a collision can produce injuries similar to those claimed by the plaintiff.Krasienko v. Jarnigan (Jan. 17, 1996), Lorain App. No. 95CA006098, unreported.
In the instant case, the testimony of plaintiff was sufficient to establish the causal connection between the accident and his extensive injuries because this connection was well within the common knowledge and understanding of the jury. Plaintiff testified at length regarding the shock of the accident, the destruction of his automobile, the aftermath of the accident, the jaws of life which removed him from his automobile, his unconsciousness, his treatment at the scene and his transportation and treatment at Fairview General Hospital. He further testified that immediately after the accident, he was admitted into Fairview Hospital where he was confined for eight (8) days for treatment of his various injuries. Plaintiff described his injuries as a broken arm, fractured sternum, five broken ribs, fractured right wrist, fractured collar bone, ruptured ACL and patella tendon and shattered knee cap. It is a matter of common knowledge that such serious injuries to the entire body can occur in head-on collisions similar to the one in this case.
Furthermore, these injuries were reflected in the medical bills and records admitted into evidence by the trial court. "Proof of amount paid or the amount of the bills rendered and of the nature of the services performed constitutes prima facie evidence of the necessity and reasonableness of the charges for medical and hospital services." Wagner v. McDaniels (1984),9 Ohio St.3d 184, paragraph one of the syllabus.
R.C. 2317.421 further provides:
 In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm or corporation issuing such bill * * * or statement, provided, that such bill or statement shall be prima-facie evidence of reasonableness only if the party offering it delivers a copy of it, or the relevant portion thereof, to the attorney of record for each adverse party not less than five days before trial.
Accordingly, we find that plaintiff was not required to present expert testimony to establish that his injuries were proximately caused by the collision. Plaintiff's testimony and the medical records were sufficient competent evidence to permit a reasonable jury to conclude that plaintiff's injuries were proximately caused by the accident. See Krasienko, supra.
The causal connection was a matter well within the common knowledge of laymen. The question of the weight and sufficiency of plaintiff's testimony is a matter best left to the determination of the jury. Therefore, the trial court erred in granting defendant's motion for a directed verdict on proximate causation.
Plaintiff's Assignment of Error I is sustained.
 II. THE TRIAL COURT ERRED IN ALLOWING IRRELEVANT AND CLEARLY PREJUDICIAL EVIDENCE AND TESTIMONY REGARDING PLAINTIFF-APPELLANT, DENNIS DRISCOLL'S, PRIOR PSYCHOLOGICAL PROBLEMS AND PERSONAL DIFFICULTIES NOT RELATED TO THE ISSUES.
 III. THE TRIAL COURT ERRED IN RESTRICTING THE PLAINTIFF-APPELLANT, DENNIS DRISCOLL'S TESTIMONY BY CONTINUOUSLY AND IMPROPERLY INTERVENING AND INTERJECTING DURING HIS RESPONSE TO QUESTIONING ON CROSS-EXAMINATION.
Given our disposition of Assignment of Error I, these assignments of error are moot and will not be considered. App.R. 12(A)(1)(c).
Judgment reversed and remanded for a new trial.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J., and TIMOTHY E. McMONAGLE, J., CONCUR.
 ______________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).