This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Patricia Garcea ("Garcea"), appeals from the decision of the Wayne County Court of Common Pleas, which granted the motion for directed verdict of the appellee, Jason Woodhull ("Woodhull"). We affirm.
 I.
On October 9, 1998, Garcea was in a car accident in which Woodhull's car hit the rear end of the car Garcea was driving. Garcea was involved in four other auto accidents over the next thirteen months, occurring on November 22, 1998, November 24, 1998, February 12, 1999, and November 3, 1999. She filed her complaint against Woodhull and four other defendants on March 23, 2000. Her complaint alleged personal injuries stemming from the Woodhull accident as well as the four subsequent accidents. Her claims against the other defendants were settled and/or dismissed. Her claim against Woodhull went to jury trial on October 9, 2001.
At the close of Garcea's case, Woodhull moved for a directed verdict, asserting that Garcea had not presented any expert testimony concerning the causation of her injuries. The trial court granted the motion for directed verdict. Garcea then moved for a new trial, which the trial court denied. This appeal followed.
Garcea raises two assignments of error. Garcea's assignments of error are related; therefore, we address them together for ease of review.
 II. First Assignment of Error "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING A DIRECTED VERDICT FOR DEFENDANT-APPELLEE AT THE CLOSE OF PLAINTIFF-APPELLANT'S CASE."
 Second Assignment of Error "THE TRIAL COURT ABUSED ITS DISCRETION TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY NOT ADMITTING INTO EVIDENCE HER MEDICAL BILLS."
Garcea's first assignment of error challenges the trial court's decision to grant a directed verdict in favor of Woodhull. In her second assignment of error, Garcea asserts that the trial court erred when it excluded her medical bills as evidence. Garcea argues that because it was within the common knowledge of the jury that her injuries were caused by the car accident with Woodhull, expert testimony was not required to prove causation, nor was it required in order to admit her medical bills into evidence.
We begin our discussion by noting that the trial court has broad discretion in the admission and exclusion of evidence. State v. Hymore
(1967), 9 Ohio St.2d 122, 128. An appellate court should not disturb evidentiary rulings absent an abuse of discretion. Id. An abuse of discretion signifies more than merely an error in judgment; instead, it involves "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
We review a trial court's ruling on a motion for directed verdict de novo because it presents us with a question of law. Schafer v. RMSRealty (2000), 138 Ohio App.3d 244, 257. A motion for directed verdict tests the sufficiency of the evidence, not the weight of the evidence or the credibility of witnesses. Wagner v. Roche Laboratories (1996),77 Ohio St.3d 116, 119-120.
Pursuant to Civ.R. 50(A)(4), a directed verdict is properly granted when "the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party[.]" Where there is substantial evidence upon which reasonable minds may reach different conclusions, the motion must be denied. Posin v.A.B.C. Motor Court Hotel (1976), 45 Ohio St.2d 271, 275. However, when the party opposing the motion for directed verdict has failed to produce any evidence on one or more of the essential elements of a claim, a directed verdict is appropriate. Hargrove v. Tanner (1990),66 Ohio App.3d 693, 695.
In an action for negligence, a plaintiff has the burden to prove, by a preponderance of the evidence, that the defendant's negligence was a direct or proximate cause of her injuries. Gedra v. Dallmer Co. (1950),153 Ohio St. 258, paragraph one of the syllabus; Rimsky v. Snider
(1997), 122 Ohio App.3d 248, 252. This includes proof that medical care was reasonably necessary. Wood v. Elzoheary (1983), 11 Ohio App.3d 27,29. Absent evidence that medical care was reasonably necessary, a trial court does not abuse its discretion by excluding medical bills. See id. The general rule is that "the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion." Darnell v. Eastman (1970),23 Ohio St.2d 13, 17. An exception exists if the cause and effect are so apparent that they are matters of common knowledge. Id.
Garcea testified as follows. Immediately after the accident she did not feel that she was injured. Some hours later, she awoke with a sharp pain in her hip; however, she did not seek medical treatment until three days later. She stated that she did not bump or strike her hip during this accident, nor was there any bruising to her hip. Her physician referred her for physical therapy, where she was also treated for injuries to her lower back and neck. Garcea further testified to numerous preexisting medical conditions, including juvenile arthritis, migraines, and worker's compensation claims for injuries to her knees and back. She also discussed how the subsequent accidents aggravated her injuries. During Garcea's testimony, she identified various medical bills. Woodhull objected to their admission into evidence, and the court excluded them.
The only other witness testifying for Garcea was her granddaughter. She stated that after the accident, Garcea complained about pain in her hip. Garcea did not present any expert testimony.
Garcea asserts that it was within the jury's common knowledge that her injuries were caused by the accident such that expert testimony was not required. We find that based upon Garcea's numerous preexisting conditions and the four subsequent accidents, the question of whether Woodhull's accident proximately caused any of her injuries is not an issue that would be within the common knowledge of the jury. Accordingly, expert testimony was required to establish causation. Because Garcea failed to present expert testimony, she failed to establish that the accident was the proximate cause of her injuries. As such, she failed to prove an essential element of negligence. Therefore, the trial court did not err in directing a verdict in favor of Woodhull. The issue of whether Garcea's medical treatments were necessary was beyond the common knowledge of the jury as well. Therefore, the trial court did not abuse its discretion by excluding Garcea's medical bills because the necessity of medical care was not established by expert testimony. Garcea's first and second assignments of error are overruled.
 III.
Having overruled Garcea's assignments of error, we affirm the decision of the Wayne County Court of Common Pleas.
WHITMORE, J., BATCHELDER, J. CONCUR