JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Jeffrey Wingfield appeals from a jury verdict in the Cuyahoga County Court of Common Pleas. We affirm the decision of the trial court.
 {¶ 2} This action arises out of a motor vehicle accident that occurred on February 5, 2002. That evening, Wingfield was traveling on Sprague Road. He was driving approximately 35 miles per hour, the posted speed limit, when he was hit from behind by defendant-appellee Keith Howe.[1]
 {¶ 3} According to an independent witness, Howe was driving fast but attempted to brake before the collision. Wingfield had no visible signs of injury. The witness gave his identifying information to Wingfield and left before the police arrived on scene.
 {¶ 4} Howe was arrested for driving under the influence of alcohol and had a blood alcohol level of .213. Wingfield drove home, and his wife took him to the hospital where he was prescribed pain medication and advised to visit his family physician to get an MRI. At trial, Howe did not contest his negligence; however, he did dispute the damages caused by his negligence. In addition, Howe disputed that he acted with malice.
 {¶ 5} The evidence revealed that in 1990 Wingfield had been in a car accident in which he suffered two ruptured disks. He admitted being in pain from that accident for approximately three years; however, Wingfield testified that he was pain-free from 1993 until this accident. On cross-examination it was revealed that Wingfield had been treated at Fairview Hospital in 1998 for back and neck pain resulting from a fall. In addition, Wingfield was in another car accident shortly after this accident.
 {¶ 6} Dr. Isakov testified, via videotaped deposition, on behalf of Wingfield. Dr. Isakov testified that Wingfield was referred to him by his attorney and that the MRIs showed no major problems or changes in his previous disk displacement. Further, Dr. Isakov stated that back injuries were unpredictable and could be caused by a sneeze. Dr. Isakov also admitted that when he rendered his opinion, he was unaware of Wingfield's fall in 1998 or his subsequent accident. Wingfield's treatment consisted of over-the-counter aspirin and four sessions of massage therapy. Dr. Isakov testified that Wingfield's injuries were completely resolved by May 15, 2002.
 {¶ 7} Wingfield testified that he was in constant pain because of the accident and was unable to do most of the activities he did before the accident. He testified that he was too busy to go back to the doctor and could not take time off work. His wife testified to the same and requested an award for loss of consortium.
 {¶ 8} The jury returned a verdict in favor of Wingfield and awarded him $5,000 in compensatory damages but no punitive damages. The trial court further awarded him $845 in costs.
 {¶ 9} Wingfield appeals, advancing seven assignments of error for our review.
 {¶ 10} "I. The trial court abused its discretion in permitting the appellee to introduce evidence (photographic and otherwise) of `minimal' damage to appellant's vehicle, as well as argument that there is a connection between `minimal' damage to a vehicle and physical injury."
 {¶ 11} The admissibility of photographs is left to the sound discretion of the trial court. See Evid.R. 403 and 611(A); see also Maybaum v. Rakita, Cuyahoga App. No. 80613, 2002-Ohio-5338; State v. Wilson (1972), 30 Ohio St.2d 199,203-204. Therefore, we review a trial court's decision to admit or deny photographic evidence only for an abuse of discretion.Nielsen v. Meeker (1996), 112 Ohio App.3d 448, 450. Wingfield argues that the trial court erred by allowing into evidence a photograph depicting "minimal" damage to Wingfield's vehicle without expert testimony to establish that there was a correlation between the "minimal" damage to the vehicle and Wingfield's physical injuries. In support, Wingfield cites this court's decision in Hastie v. Dohar, Cuyahoga App. No. 79456, 2002-Ohio-812, and Morales v. Petitto (Nov. 9, 2000), Cuyahoga App. Nos. 77326 and 77532.
 {¶ 12} In Hastie, supra, this court held that when a defense seeks to minimize the injury to the plaintiff's person by showing minor injury to the vehicle via photographs, an expertmay be required. Importantly, this court held that the facts should dictate when an expert is needed, and the expert question should be resolved by the trial court. Id.
 {¶ 13} Next, Wingfield cites to Morales, supra, in which this court upheld the exclusion of photographs depicting an absence of damage to the exterior of the plaintiff's automobile. The trial court excluded the photographs on the grounds that they did not accurately depict the full extent of the damage to the vehicle, as the vehicle's interior was considerably more damaged than its exterior, thus the photographs were unduly prejudicial.Morales is inapplicable here because Wingfield himself testified that the photograph accurately depicted the damage to his vehicle.
 {¶ 14} In this case, Wingfield testified regarding the collision and the "violent" impact that "lifted [his car] very high off the ground" and caused it to land on Howe's vehicle. Certainly, Howe is entitled to present evidence to rebut Wingfield's testimony. See Erie Insurance Co. v. Cortright,
Ashtabula App. No. 2002-A-0101, 2003-Ohio-6690. Therefore, we cannot say that the trial court abused its discretion in admitting the photograph.
 {¶ 15} Wingfield's first assignment of error is overruled.
 {¶ 16} "II. The assigned judge erred, abused her discretion, and violated various rules of court in failing to rule on appellants' motions in limine."
 {¶ 17} Under this assignment of error, Wingfield argues that he was prejudiced by the trial court's failure to rule on his motion in limine. Wingfield argues that the photograph of minimal damage should have been excluded before trial by the original judge.
 {¶ 18} A failure to rule on a pretrial motion is not reversible error. Instead, the Supreme Court of Ohio has held that when a court does not rule on a pretrial motion, that motion is ordinarily presumed to have been denied. State ex rel. The VCos. v. Marshall, 81 Ohio St.3d 467, 1998-Ohio-329, syllabus. "An order in limine is a tentative or presumptive evidence ruling which states the court's anticipated treatment of an evidentiary issue if special circumstances do not cause a different treatment when the issue actually arises." (Emphasis in original.) State v. White (1982), 6 Ohio App.3d 1, 10. It cannot be a final ruling on an evidence issue until the full context and foundation for the issue has been developed in trial. Id. at 11. "The purpose of a motion in limine is to avoid the injection into the trial, of matters which are irrelevant, inadmissible and prejudicial. * * * It also serves the useful purpose of raising and pointing out before trial, certain evidentiary rulings that the Court may be called upon to make. By its very nature, when properly drawn, its grant cannot be error. It is not a ruling on evidence. It adds a procedural step prior to the offer of evidence." State v. Maurer (1984),15 Ohio St.3d 239, 259, quoting Redding v. Ferguson (Tex.Civ.App. 1973), 501 S.W.2d 717, 722.
 {¶ 19} In this case, the trial court did not rule on the motion before trial; therefore, it is presumed to have been denied. During trial, the court allowed the photograph into evidence, and the standard of review for the admission of evidence is abuse of discretion. State v. Sage (1987),31 Ohio St.3d 173. As stated previously, the trial court did not abuse its discretion when it admitted the photograph into evidence.
 {¶ 20} Wingfield's second assignment of error is overruled.
 {¶ 21} "III. The trial court abused its discretion and erred in excluding evidence of appellant's MRI exams and invoice for same."
 {¶ 22} Wingfield argues that his MRI exams and invoice should have been admitted into evidence. Howe argues that an expert is required to establish a causal connection between the injury and the treatment and that Wingfield's expert witness never noted any causal relationship between the two.
 {¶ 23} A trial court has broad discretion in the admission and exclusion of evidence, and the court's decision will not be reversed unless the court abused its discretion. State ex rel.Sartinin v. Yost, 96 Ohio St.3d 37, 2002-Ohio-3317.
 {¶ 24} In an action for negligence, the plaintiff has the burden to prove, by a preponderance of the evidence, that the defendant's negligence was a direct or proximate cause of his injuries. Garcea v. Woodhull, Wayne App. No. 01CA0069, 2002-Ohio-2437. Except as to questions of cause and effect, which are so apparent as to be matters of common knowledge, the issue of causal connection between an injury and a specific subsequent physical disability involves a scientific inquiry and must be established by the opinion of medical witnesses competent to express such opinion. Darnell v. Eastman (1970),23 Ohio St.2d 13, 17. This includes proof that medical care was reasonably necessary. Wood v. Elzoheary (1983), 11 Ohio App.3d 27, 29. Absent evidence that the medical care was reasonably necessary, a trial court does not abuse its discretion by excluding medical bills. Id. Nevertheless, proof which describes the medical care that was reasonably necessary for the identified injuries may not require expert testimony when the treatment is a matter of common knowledge. Hayes v. Heintz, Cuyahoga App. No. 79335, 2002-Ohio-2608.
 {¶ 25} Here, the trial court excluded evidence of Wingfield's MRIs and the bills associated with them because the prescribing physician did not testify and Dr. Isakov did not and could not connect the MRIs to this particular accident. Wingfield testified that his family physician ordered the MRIs because of the car accident at issue. We find that the trial court did not abuse its discretion when it excluded the MRI evidence and bills because Dr. Isakov was not qualified to causally connect the MRIs with this accident and Wingfield was in another accident after the one with Howe but before his visit to the doctor. Under these facts, Wingfield needed to causally connect the prescribed MRI with the accident at issue and only the prescribing physician could testify that he prescribed the MRI because of this accident.
 {¶ 26} Wingfield's third assignment of error is overruled.
 {¶ 27} "IV. The trial court erred and abused its discretion in admitting prejudicial, irrelevant, unidentified and untimely introduced documents without any foundation."
 {¶ 28} Under this assignment of error, Wingfield argues that he was prejudiced when the trial court allowed into evidence medical records without proper foundation and that they included inadmissable hearsay. Howe argues that Wingfield stipulated to the admission of these medical records and that they were properly admitted to impeach Wingfield's credibility.
 {¶ 29} Wingfield stipulated to the authenticity of the medical records in their entirety without objecting to or preserving the right to object to the hearsay contained therein. Hence, Wingfield has waived his right to object. See Wilson v.LTV Steel Co., (June 11, 1992), Cuyahoga App. Nos. 59515 
59955.
 {¶ 30} As for the admissibility of the medical records, Howe argues that proper foundation was established to admit the medical records as impeachment evidence.
 {¶ 31} Evid.R. 613(B) provides for the impeachment of a witness with a prior inconsistent statement and allows extrinsic evidence of a prior inconsistent statement to be offered into evidence after a proper foundation is established. Extrinsic evidence is admissible only "if the statement is offered solely for the purpose of impeaching the witness, the witness is afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement * * * [and] the subject matter of the statement is * * * [a] fact that is of consequence to the determination of the action other than the credibility of the witness." Evid.R. 613(B). "If a witness denies making the statement, a proper foundation has been laid, and the evidence does not relate to a collateral matter, extrinsic evidence is admissible." State v. Riggins (1986), 35 Ohio App.3d 1, paragraph two of the syllabus; State v. Jackson, Cuyahoga App. No. 82724, 2004-Ohio-2332.
 {¶ 32} In this case, Wingfield claimed to be pain-free from 1993 to the time of the accident at issue. On cross-examination, Wingfield was asked if he had injured his back in a fall in 1998. Wingfield stated that he had not. Wingfield was shown the medical records which indicated that he was treated at Fairview Hospital on August 12, 1998 for neck and low back pains due to a traumatic fall. Wingfield did not recall the traumatic fall or the injury. We find that proper foundation was established for the admission of the medical records and that the evidence went to a material issue in the case: whether Wingfield's injuries were the sole result of the accident at issue. Therefore, it was not an abuse of discretion to admit the medical records.
 {¶ 33} Wingfield's fourth assignment of error is overruled.
 {¶ 34} "V. The jury verdicts were, in all respects, against the manifest weight of the evidence and the jury `lost its way.'"
 {¶ 35} Wingfield argues that the jury verdict is against the manifest weight of the evidence because there was overwhelming and uncontroverted evidence of Wingfield's injury and Howe's malice. Therefore, Wingfield argues that the jury clearly lost its way because the compensatory damages are too low and the jury failed to award punitive damages.
 {¶ 36} In civil cases, judgments that are supported by some competent and credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. State v. Schiebel
(1990), 55 Ohio St.3d 71, 74. A reviewing court must give deference to the findings of the trial court. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80. Moreover, evaluating evidence and assessing credibility are primarily for the trier of fact. Crull v. Maple Park Body Shop (1987), 36 Ohio App.3d 153. A trial court's decision should not be overturned unless there is no competent and credible evidence that supports the judgment.Seasons Coal Co., 10 Ohio St.3d at 80.
 {¶ 37} "The fundamental rule of the law of damages is that the injured party shall have compensation for all of the injuries sustained. Compensatory damages are intended to make whole the plaintiff for the wrong done to him or her by the defendant. Compensatory damages are defined as those which measure the actual loss, and are allowed as amends therefor. For example, compensatory damages may, among other allowable elements, encompass direct pecuniary loss, * * * and physical and mental pain and suffering. * * * The assessment of such damage is, however, a matter solely for the determination of the trier of fact * * *." (Internal citations omitted.) Fantozzi v. SanduskyCement Products Co. (1992), 64 Ohio St.3d 601, 612.
 {¶ 38} Wingfield argues that the jury clearly lost its way because there was "uncontroverted" evidence that Howe caused the injuries complained of and therefore the compensatory damages were too low. Howe argues that the evidence was challenged and that Wingfield was paid in full for his medical bills and received an additional amount for pain and suffering.
 {¶ 39} At trial, it was revealed that Wingfield had injured his back on two previous occasions and was in a car accident after the accident at issue. Although Wingfield denied the 1998 injury to his back, there was evidence that Wingfield was not pain-free from 1993 to the accident at issue. Giving due deference to the jury's assessment of Wingfield's injuries, we find that the jury verdict was supported by competent and credible evidence and therefore was not against the manifest weight of the evidence.
 {¶ 40} Next, we turn to the issue of punitive damages. Actual malice must be proved for an award of punitive damages. Cabe v.Lunich, 70 Ohio St.3d 598, 1994-Ohio-4. Actual malice is present where the defendant possessed either that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. Id., citing Preston v. Murty (1987),32 Ohio St.3d 334, 335. "[T]he latter category of actual malice includes `extremely reckless behavior revealing a conscious disregard for a great and obvious harm.'" Id.
 {¶ 41} In this case, Wingfield argues that Howe acted with malice because he got into his car and drove drunk, he could not perform any of the field sobriety tests, and his blood alcohol level was.213. He further argues that the fact that Howe had a few margaritas on a family vacation after the accident proves that his behavior was reprehensible and malicious.
 {¶ 42} Evidence that a negligent driver had consumed alcohol prior to the accident is relevant and admissible to establish whether the driver acted with actual malice justifying the award of punitive damages. Cabe, 70 Ohio St.3d 598, paragraph two of the syllabus. However, in Cappara v. Schibley,85 Ohio St.3d 403, 406, 1999-Ohio-278, the Supreme Court of Ohio held that evidence of a subsequent driving record is not admissible to establish the state of mind of a driver at the time of an accident, because it is not relevant and is highly prejudicial. Something more than mere negligence is required before an award of punitive damages may be made. Cabe, 70 Ohio St.3d at 602. Finally, liability for punitive damages is determined by the trier of fact, as well as the amount of those damages. R.C.2315.21(D). The burden of proving entitlement to an award of punitive damages in a tort action is upon the plaintiff, and must be satisfied by clear and convincing evidence. R.C.2315.21(C)(3). Here, the jury did not award punitive damages. The jury is vested with the power to judge the credibility of witnesses and to determine the weight to be afforded to the evidence presented. Croft v. State Farm Mut. Auto. Ins. Co.,
Allen App. No. 1-01-72, 2002-Ohio-113; citing Swan v. Skeen
(1974), 40 Ohio App.2d 307, 308-309; State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. "A jury is free to accept or reject any or all of the testimony of any witness, including testimony of an expert witness." Id., quoting Gerrickv. Anheuser Busch Co. (Dec. 11, 2000), Stark App. No. 2000CA00140. Although Howe admittedly drove drunk, there was evidence that he tried to stop before the collision. Further, Howe's consumption of alcohol on a family vacation well after the accident is not relevant to his state of mind on the day of the accident. There must be clear and convincing evidence that Howe acted with malice; mere negligence is insufficient. Again, giving due deference to the trier of fact, we find that the jury's failure to award punitive damages is not against the manifest weight of the evidence. Therefore, Wingfield's fifth assignment of error is overruled.
 {¶ 43} "VI. The trial court erred and abused its discretion in denying appellants' motion notwithstanding the verdict or, in the alternative, motion for new trial."
 {¶ 44} Under this assignment of error, Wingfield simply states that Howe did not produce any substantial evidence that supported his side of the case and therefore there was no conflicting evidence to even establish a "jury question." Hence, Wingfield states, the trial court erred in denying his motion for judgment notwithstanding the verdict or motion for new trial.
 {¶ 45} The standard for granting a motion for judgment notwithstanding the verdict or in the alternative for a new trial pursuant to Civ.R. 50(B) is the same as that for granting a motion for a directed verdict pursuant to Civ.R. 50(A). Texlerv. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677,679, 1998-Ohio-602. Civ.R. 50(A)(4) states:
"When a motion for a directed verdict has been properly made,and the trial court, after construing the evidence most stronglyin favor of the party against whom the motion is directed, findsthat upon any determinative issue reasonable minds could come tobut one conclusion upon the evidence submitted and thatconclusion is adverse to such party, the court shall sustain themotion and direct a verdict for the moving party as to thatissue."
 {¶ 46} Further, it is well established that the court must neither consider the weight of the evidence nor the credibility of the witnesses in disposing of a directed verdict motion.Texler, supra. Thus, if there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. Id.
 {¶ 47} Wingfield cites no case law to support his argument that the trial court erred when it denied his motions. See App.R. 16(A)(7). Furthermore, there was competent credible evidence upon which reasonable minds could reach different conclusions. Therefore, Wingfield's sixth assignment of error is overruled.
 {¶ 48} "VII. The trial court erred in denying, in part, appellants' motion to award costs."
 {¶ 49} Wingfield argues that the trial court abused its discretion when it failed to award Wingfield's total costs even though he submitted an itemized bill. Howe argues that what Wingfield sought to recover cannot be taxed as costs.
 {¶ 50} Civ.R. 54(D) controls:
"Except when express provision therefore is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs."
 {¶ 51} Civ.R. 54(D) grants the trial court discretion to order that the prevailing party bear all or part of his or her own costs. Vance v. Roedersheimer (1992), 64 Ohio St.3d 552,555. The Supreme Court of Ohio has consistently limited the categories of expenses which qualify as "costs." Id.
 {¶ 52} Wingfield contends that he incurred the following litigation costs that should have been included in the trial court's award: (1) Video trial testimony (attendance and services) of Dr. Isakov, $395; (2) Attendance of a court reporter and transcript preparation of video trial testimony of Dr. Isakov, $451; (3) Attendance of Dr. Isakov, video deposition, $450; (4) Transcript preparation of Howe, $758.20; (5) Subpoenas, $72; (6) Filing fees, $100; (7) Three Legal Record Services invoices for documents, $48; (8) Two Chart One Medical Records invoices, $46.37; (9) Medical records for Dr. George Randt, $30; (10) Medical records for Dr. Nekl, $21; and (11) Expert report and medical records from Dr. Isakov, $222.
 {¶ 53} The trial court granted Wingfield's motion to award costs in part. The trial court found that Wingfield was entitled to the costs of taking and playing back the videotaped deposition of Dr. Isakov in the amount of $845 (listed above as items #1 and #3). Sup.R. 13(D) provides:
"(D) Costs: Videotape Depositions."(1) The expense of videotape as a material shall be borne by the proponent."(2) The reasonable expenses of recording the testimony on videotape, the expense of playing the videotape recording at trial, and the expense of playing the videotape recording for the purpose of ruling upon objections shall be allocated as costs in the proceeding in accordance with Civil Rule 54.
"(3) The expense of producing the edited version of the videotape recording shall be costs in the action, provided that the expenses of the videotape as a material, shall be borne by the proponent of the testimony.
"(4) The expense of a copy of the vidoetape recording and the expenses of an audio tape recording of the videotape sound track shall be borne by the party requesting the copy."
 {¶ 54} According to Sup.R. 13(D)(2), the reasonable expense of recording testimony on videotape shall be costs in the action, as well as the expense of playing the videotape at trial.[2]
 {¶ 55} Next, "the cost of copying a videotaped deposition (either in the form of a videotape or a written transcript) shall be borne by the party requesting the copy." Warner v. McAbier
(Jan. 13, 2000), Cuyahoga App. No. 75197 75233. Further there is no statutory basis for taxing the services of a court reporter as costs. Id. Consequently, Wingfield is not entitled to recover the court reporter expenses for attending and transcribing the depositions of Dr. Isakov and Howe (items #2 and #4 listed above).
 {¶ 56} This court has held that the filing fee for a complaint is not totally recoverable as an additional cost. SeeSzarka v. State Auto. Ins. Cos. (Nov. 14, 1996), Cuyahoga App. No. 70621; Bates v. Ricco (Nov. 18, 1999), Cuyahoga App. No. 74982. R.C. 2303.20 merely sets the amount which can be charged for filing fees and does not specifically provide that filing fees should be taxed as costs. Wells v. Hoppel, Columbiana App. No. 99-CO-59, 2001-Ohio-317. Further, the trial court properly refused to tax the expense for subpoenas because no statutory authority exists to allow that these expenses be treated as costs. Id. Therefore, the trial court did not abuse its discretion when the filing fee and subpoena expenses (items #5 and #6) were not awarded as costs.
 {¶ 57} Finally, the medical records (listed in items #8-#11) are not taxable as costs. See Fulwiler v. Schneider,104 Ohio App.3d 398, 412, citing In re Election of Nov. 6, 1990 (1991),62 Ohio St.3d 1, 3-4. Accordingly, Wingfield's seventh assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Sweeney, J., concur.
[1] Originally Wingfield filed his complaint against the wrong defendant, James Howe. However, he amended his complaint to name the correct defendant, Keith Howe.
[2] However, this does not include the expense of the videotape as material, and further, the expense of copying shall be borne by the party requesting the copy. See Sup.R. 13(D)(1). Here, the trial court awarded costs that incorrectly included a videotape master ($40) and a copy ($30) without knowing whether Howe requested the copy. Nevertheless, Howe did not raise this issue on a cross appeal and therefore it is waived.