**SABROSKE, D. D. S., Plaintiff, v. WILLIAMSON, Defendant.**

Municipal Court, Findlay.

No. 169.   Decided February 14, 1958.

R. B. Dunn (J. C. Firmin), for plaintiff.
R. W. Drake, for defendant.

## OPINION

By BOPE, J.

This is as action on an account, for medical (dental) services performed by the plaintiff for the defendant, in which the amount claimed is $139.45 with interest from February 26, 1954.   Defendant filed an answer of general denial, and on the trial he insisted that one of the prosthetic devices included in the account, described as a partial lower denture, was not right, that it hurt him, that he took it out of his mouth shortly after leaving the doctor's office and did not wear it thereafter, and he claimed a set-off of $115.00 therefor.

The account filed with the petition covers a period from February 13, 1954, to February __ 1956, and while perhaps it could have been made more detailed and specific, nevertheless it appears to be sufficiently adequate to describe the principal items of work for which the plaintiff's charges were made, and appears to be in keeping with the plaintiff's usual office practice.   From the testimony it appears that the full period of the Doctor's treatment of this patient actually started on September 9th, 1953, and ran to a date some time in the month of February, 1956.   But the discussion and argument at the trial was concerned primarily with the denture placed on February 26, 1954, and priced at $105.00, and to this accordingly the court will limit its attention.

It is the general rule of law in Ohio that a physician or surgeon is entitled to recover from the patient for his services, in the absence of an express contract, under an implied agreement to pay for them what they are reasonably worth.   **31 O. Jur. 500, 504.**   In Saffin v. Thomas (1894), 8 O. C. C. 253, it was held that the value of the service, as a general rule, is to be ascertained and fixed by the usual price paid for like services at the time and place of performance.   This rule was modi-

fied by the Court of Appeals of Mahoning County in the case of a dentist (1928), **Mayhew v. Bailey, 7 Abs 107,** in which the court wrote no syllabus but stated in the opinion that there can, perhaps, be no definite and fixed schedule of prices to be charged by dentists in view of the fact that each, as a sort of specialist in his class, fixes his own prices, which may differ substantially from prices fixed by other dentists of varying degrees of skill. In that case it appeared that nothing had been said between the parties in advance as to price, the patient claimed that the work was defective and he had been overcharged, the dentist said that he performed the work in a skillful and workmanlike manner, and that the prices charged were the same as he usually charged for similar work. The jury found for the dentist, and the Court of Appeals found no error was committed. They held that proffered testimony as to the charges of other dentists was rightly excluded, but that evidence that this patient was charged more by this dentist than was his custom for similar services would be competent.

The case at bar is similar to the Bailey case. Plaintiff said his work was properly and competently performed. It does not appear that the prices charged were other than his usual prices for similar work. The only evidence of any defect was defendant's statement that the denture hurt. The court knows from personal experience that dentures can be uncomfortable at best, and is inclined to discount the defendant's testimony for that reason, besides which it appears that he made no real effort to have the plaintiff make an adjustment to relieve his discomfort for almost two years following.

For the reasons given, finding and judgment will be entered on the half-sheet for the plaintiff and against the defendant in the amount of $139.45 with interest from February 26, 1954, and costs. A journal entry may also be prepared.