ST. VINCENT MEDICAL CENTER, Appellee,

v.

SADER, Appellant, et al.; Cincinnati Equitable Insurance Company, Appellee.

[Cite as *St. Vincent Med. Ctr. v. Sader* (1995), 100 Ohio App.3d 379.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. 94WD055.

Decided Jan. 20, 1995.

*James S. Nowak,* for appellee St. Vincent Medical Center.

*Robert W. Maurer* and *Gregory E. Bakies,* for appellant.

*Paul W. Flowers* and *Gary B. Garson,* for appellee Cincinnati Equitable Insurance Company.

SHERCK, Judge.

This is an appeal from orders of the Bowling Green Municipal Court which granted summary judgment to a patient's health care provider and insurer in a dispute concerning the reasonableness of medical fees charged. Because we find the trial court erred with respect to the judgment it granted the health care provider, we reverse in part.

Pursuant to Sixth Dist.Loc.App.R. 12(D), this case is hereby assigned to the accelerated calendar.

In January 1992, appellant, Gregory Sader, suffered a heart attack. Although initially hospitalized in the Wood County Hospital, appellant, on instruction from his cardiologist, was transferred to facilities operated by appellee St. Vincent Medical Center ("St. Vincent"). Although appellant did not make an express agreement to pay St. Vincent when he was admitted, he, at the time of his illness, had health insurance from appellee Cincinnati Equitable Insurance Company ("CEIC").

St. Vincent's bill for $13,846.50 was submitted to CEIC. CEIC concluded that St. Vincent's charges for services rendered to appellant were above the usual, reasonable, and customary amount that it was obligated to pay by the terms of its policy with appellant. As a result, CEIC paid St. Vincent only $9,596.54.[1] When appellant failed to pay the difference between the total amount and the amount paid by CEIC, St. Vincent brought suit against appellant and Carlene Sader to recover the deficiency. Appellant denied liability and filed a third-party complaint against CEIC.

---

1. It is undisputed that appellant is responsible for a co-payment in the amount of $710.46.

All parties moved for summary judgment. Appellee St. Vincent's motion against appellant was supported by affidavits from appellant's cardiologist and the hospital's account manager. The cardiologist averred that the treatment appellant received was medically necessary. The account manager stated that the charges imposed for appellant's treatment were the same as those imposed for any other patient receiving the same services.

CEIC's motion for summary judgment against appellant was supported by its policy language limiting coverage to "[r]easonable and customary charges * * * not in excess of the amount ordinarily charged by most providers of comparable services and suppliers in the locality where the services or supplies are received." Additionally, CEIC submitted an affidavit from an independent medical claims review coordinator who averred that, based on bills submitted by other medical providers in Northern Ohio, St. Vincent's charges were "excessive and unreasonable."

Appellant's own motion for summary judgment against CEIC relied upon supporting documents provided by St. Vincent.

Appellant argued to the court that if the amount payable by CEIC to St. Vincent was unreasonable for the insurance company, it was also unreasonable for appellant.

Upon the submissions, the trial court granted summary judgment to appellees CEIC and St. Vincent. A judgment in the amount of $4,249.96 was rendered against appellant. In an accompanying decision, the trial court reasoned that, although St. Vincent's charges were in excess of the charges for comparable services "in the locality," the services were essential to appellant's care and "in an amount normally charged" by St. Vincent for such services. Because of the definitional differences in the use of the word "reasonable" in the insurance contract and appellant's implied contract with the hospital, the trial court concluded that CEIC met its contractual obligations; however, the court further concluded that "under general contract law" appellant was obligated to pay the difference.

On appeal, appellant argues that the trial court's findings are logically inconsistent. The concept of reasonableness, appellant maintains, should not differ between appellees. Either St. Vincent's charges were reasonable, in which case CEIC has to pay, or they were not, in which case no one has to pay.

The rules governing motions for summary judgment are well established; three factors must be demonstrated:

"(1) [T]hat there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party

against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47; see, also, *Johnson v. New London* (1988), 36 Ohio St.3d 60, 61, 521 N.E.2d 793, 794–795.

When seeking summary judgment, a party must specifically delineate the basis upon which the motion is brought. *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798, syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleading, but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery* (1984), 11 Ohio St.3d 75, 79, 11 OBR 319, 322, 463 N.E.2d 1246, 1250. The motion forces the nonmoving party to produce evidence on any issue for which that party bears the burden or production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

As between appellant and appellee CEIC, there are no questions of material fact. There is only the legal question whether CEIC has satisfied its contractual liability to pay for the reasonable and customary costs of appellant's necessary health care. The affidavit of CEIC's independent benefits reviewer that St. Vincent's charges were excessive is essentially undisputed. The cardiologist's affidavit filed on behalf of St. Vincent does no more than state that appellant's treatment was medically necessary: an issue which is not in dispute. The affidavit of St. Vincent's account coordinator that the fees assessed appellant were those charged everyone for the same services fails to rebut CEIC's affidavit that St. Vincent's fees for comparable services were excessive when compared to the charges of other hospitals in Northern Ohio. A medical provider may be entitled to a presumption that its customary fees are reasonable, but such a presumption is rebuttable. See *Wood v. Elzoheary* (1983), 11 Ohio App.3d 27, 28, 11 OBR 40, 41, 462 N.E.2d 1243, 1244. When, as here, an adverse party comes forth with competent evidentiary material to rebut that presumption, the burden shifts to the medical provider to demonstrate the reasonableness of its fee schedule. See *Wing, supra.* As neither appellant nor appellee St. Vincent came forward with such evidence, the trial court did not err in granting summary judgment to CEIC.

As between appellant and appellee St. Vincent, appellant rhetorically asks how the same charges can be excessive for CEIC's purposes yet reasonable for appellant. The trial court addressed this apparent anomaly by noting that CEIC's insurance policy defines "reasonableness" specifically in terms of amounts billed as compared to other similar charges in the "locality." The trial court noted, however, that the relationship between appellant and appellee St. Vincent

is one of an implied contract that requires appellant to pay a reasonable fee for the services rendered. This, the trial court says, is a different kind of reasonableness, not tied to comparable charges for services in the locality. Therefore, the trial court concluded that the charges for appellant are no more unreasonable than those imposed on any other St. Vincent patient and appellant should pay.

The trial court's logic would be meritorious if there was an express agreement by appellant to pay the hospital's customary charges for necessary medical services. There is, however, no such agreement in the record and all parties have proceeded on the assumption that appellant's liability is founded on an implied contract.

An implied contract arises "where a recovery is sought for services rendered or materials furnished and the circumstances are such that people expect to be paid and pay for such conduct. The law is said to 'imply' an obligation on the part of a person who benefits from the services or materials received to pay for the services or materials." *Lucas v. Costantini* (1983), 13 Ohio App.3d 367, 369, 13 OBR 449, 451, 469 N.E.2d 927, 929, citing *Ashley v. Henahan* (1897), 56 Ohio St. 559, 574, 47 N.E. 573, 577.

The amount for which such a beneficiary is obligated to pay for such services is "so much as they were worth." *Columbus, Hocking Valley & Toledo Ry. Co. v. Gaffney* (1901), 65 Ohio St. 104, 61 N.E. 152.

Here, it is undisputed that appellant received services under circumstances in which it was understood that payment was expected for those services; therefore, appellant is obligated to pay "so much as they were worth": in modern parlance, "their reasonable value." The hospital is entitled to the presumption that the reasonable value of the services rendered is its customary charge for such issue. However, as indicated above, when an adverse party comes forth with evidentiary material rebutting the presumption, the burden shifts to the nonmoving party to present contrary evidentiary material which would give rise to a genuine question of material fact.

In this case, the CEIC affidavit rebutted the presumption of reasonableness. The material that appellee St. Vincent submitted in response suggested no more than that the services provided to appellant were medically necessary and that the charges sought were St. Vincent's customary fees for such services. St. Vincent submitted no evidence to establish that its customary fees are reasonable. Therefore, having failed to satisfy its burden pursuant to Civ.R. 56(E), appellee was not entitled to summary judgment and appellant was. Accordingly, appellant's first and second assignments of error are well taken to the extent that they argue appellee St. Vincent's failure to establish the reasonableness of its fees.

Appellant's third assignment of error concerning the liability of CEIC is found not well taken.

On consideration whereof, the court finds substantial justice has not been done the party complaining, and the judgment of the Bowling Green Municipal Court is reversed. Pursuant to App.R. 12, we render the judgment in favor of appellee, St. Vincent, and against appellant in the sum of $710.46. It is ordered that appellee St. Vincent pay court costs of this appeal.

*Judgment reversed in part.*

ABOOD, P.J., and MELVIN L. RESNICK, J., concur.