[Cite as *Miami Valley Hosp. v. Middleton*, 2011-Ohio-5069.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

MIAMI VALLEY HOSPITAL                    :
                                         :    Appellate Case No. 24240
      Plaintiff-Appellee               :
                                         :    Trial Court Case No. 09-CVF-751
v.                                       :
                                         :
JOSHUA MIDDLETON                         :    (Civil Appeal from
                                         :     Dayton Municipal Court)
      Defendant-Appellant              :
                                         :
      . . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of September, 2011.

. . . . . . . . .

MICHAEL T. WILLIAMS, Atty. Reg. #0059933, Dreyfuss Williams and Associates, 1801
East Ninth Street, Suite 1110, Cleveland, Ohio 44114-3103
      Attorneys for Plaintiff-Appellee

THOMAS J. INTILI, Atty. Reg. #0036843, and DANIELLE A. GROVES, Atty. Reg.
#0081136, Thomas J. Intili Co., LPA, 40 North Main Street, 1500 Kettering Tower, Dayton,
Ohio 45423-1001
      Attorneys for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1} The action below was initiated by Miami Valley Hospital against Joshua
Middleton for collection on a medical bill. Middleton has appealed two decisions of the
Dayton Municipal Court. The first decision, filed October 13, 2009, dismissed Middleton's

third-party complaint against the alleged tortfeasor whose negligence sent him to the hospital for treatment. The other decision, filed August 2, 2010, granted the hospital's motion for summary judgment, denied Middleton's request for leave to withdraw discovery admissions, and denied him additional time to complete discovery.

{¶ 2}    Because we are unable to say that the municipal court abused its discretion by dismissing the third-party complaint, that decision of the trial court is affirmed. We conclude that the municipal court's denial of leave to withdraw admissions was, if unreasonable or arbitrary, harmless since Middleton elsewhere in the record admits liability for the medical treatment and the amount of the judgment was based on submitted affidavits, not the failure to respond to requests for admissions. The court's denial of additional time to complete discovery and respond to the motion for summary judgment, which was entered almost five months after the second request for an extension was made, was not an abuse of discretion. Finally, the municipal court properly granted summary judgment for the Hospital. The Hospital's bill was prima facie evidence of the reasonableness of its charges, and Middleton failed to set forth specific facts showing that the charges were unreasonable. The judgment containing these three rulings is also affirmed.

## 1. Facts and procedural posture.

{¶ 3}    On September 25, 2008, Middleton was injured in an automobile accident. He was taken by ambulance to Miami Valley Hospital for emergency medical care. Unfortunately, Middleton did not have health insurance, so the Hospital billed him for its services. After discharging Middleton, the Hospital sent him a statement with a balance of $5,573.10. A few months later, the Hospital filed an action against Middleton in Dayton Municipal Court for a

judgment on his account.

**{¶ 4}** Along with his answer, Middleton filed a third-party complaint against the person he alleges was at fault in the accident. For his injuries, Middleton claimed more than $25,000 in damages. He also claimed indemnity for any amount that he owed the Hospital. After Middleton had filed the third-party complaint, the Hospital served him with discovery requests, including a request for admissions. When Middleton did not respond to these requests, the Hospital moved for summary judgment based, in part, on its request for admissions, which the hospital argued were deemed admitted because Middleton failed to timely respond. Opposing, Middleton argued that, because the amount demanded by the third-party complaint exceeded the municipal court's jurisdictional limit, the municipal court lost its authority over the case on the date he filed the third-party complaint. Therefore, the request for admissions and the motion for summary judgment were legal nullities. All the municipal court could–and must–do, Middleton argued, was certify the case to the court of common pleas. Replying, the Hospital moved to dismiss the third-party complaint. On December 29, 2009, the municipal court dismissed the third-party complaint. Since Middleton had not yet responded to the summary judgment motion on its merits, the court gave him 14 days to do so.

**{¶ 5}** In his January 2009 merit response, Middleton asked the court for leave to withdraw his admissions and asked for a Civ.R. 56(F) continuance to conduct discovery. Middleton explained that, while he owed the Hospital for treating him, he did not believe that the amount the Hospital had charged him for its services was reasonable. Middleton told the court that time was needed to discover facts on this matter to ensure that the merits of the

Hospital's claim were properly examined. In its January 27, 2010 ruling, the court did not address the admissions-withdrawal request, but it did grant Middleton a 30-day continuance in which to complete discovery and respond to the Hospital's summary judgment motion.

{¶ 6}   In early March 2010, soon after the initial 30-day extension ended, Middleton served the Hospital with written discovery requests. A few days later, Middleton asked the court for more discovery time. He pointed out that the discovery rules grant a responding party at least 28 days to respond, and Middleton told the court that he wished to depose the Hospital. So, he asserted, it was simply impossible to complete discovery within the 30-day period that the court had originally ordered, let alone complete discovery and prepare a response to the summary judgment motion.

{¶ 7}   Five months later, on August 2, 2010, the municipal court denied Middleton's request for more time, denied his request to withdraw his admissions, and granted the Hospital summary judgment. Deducting the amount that had been paid from the amount demanded in the complaint,[1] and consistent with an "Affidavit Evidencing Account Balance" filed March 29, 2010, the court entered judgment against Middleton in the amount of $3,905.94. Middleton appealed.

{¶ 8}   Middleton's assignments of error assert that the trial court erred in four respects: 1) the dismissal of his third-party complaint, 2) the denial of leave to withdraw his admissions, 3) the grant of summary judgment, and 4) the denial of his motion for additional time to conduct discovery.

---

[1] After the Hospital filed its action, Middleton sent it some of the money he received under his auto insurance policy for medical expenses. (Middleton says that he divided the insurance money among several medical-care providers that he owed.) The complaint demanded $5,573.10, and Middleton sent the Hospital a total of $1,667.16.

## 2. Dismissal of the third-party complaint

{¶ 9}   Civil Rule 14 allows a defendant to file a third-party complaint against "a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." Civ.R. 14(A). Our first issue is whether the municipal court can even consider the viability of a third-party complaint that alleges damages in excess of that court's jurisdiction, or, as Middleton argues, is the municipal court constrained merely to transfer the matter to common pleas court. The Ohio Supreme Court resolved this issue in *State ex rel Jacobs v. Municipal Court of Franklin County* (1972), 30 Ohio St.2d 239. "[I]t is incumbent on a trial judge, when objection is made thereto, to determine the propriety of a third-party complaint." Id. at 241. Accordingly, the municipal court had jurisdiction to rule on the third-party complaint. Moreover, in *Jacobs*, the Supreme Court said that a proper third-party claim must be consistent with the rule's purposes: "Among others, the purpose of Civ.R. 14 is to promote judicial efficiency by avoiding a circuity of actions; to consolidate separate actions that should be tried together; to avoid a duplication of testimony and evidence; and to avoid inconsistent verdicts on identical or similar evidence or testimony." Id. at 242. A proper third-party claim must also satisfy the conditions imposed by the rule's language: (1) it must arise from the same "transaction or occurrence" that gave rise to the primary claim, and (2) it must "'arise because of the primary claim, or [be] in some way derivative of it.'" *Ballreich Bros., Inc. v. Criblez*, Hancock App. No. 05-09-36, 2010-Ohio-3263, at ¶26 (Judges Brogan, Fain, and Grady of this Court sitting by assignment in the Third District), quoting *Babich v. Hunan Szechwann Inn, Inc.* (July 21, 1997), Marion App. No. 9-97-04, citing *Jacobs*.

{¶ 10} The facts in *Jacobs* are quite similar to those here. Jacobs's vehicle was

damaged in an auto accident. While the vehicle was being repaired, he temporarily rented a vehicle from Northland Dodge. Jacobs failed to pay the accrued rental charges, so Northland filed an action against him in municipal court. Along with his answer, Jacobs filed a third-party complaint against the alleged tortfeasors that included a personal-injury claim for damages. Northland moved to strike the third-party complaint. In response, Jacobs argued that the municipal court no longer had jurisdiction because the damage demand in the third-party complaint exceeded the court's jurisdictional limit. The municipal court concluded that the third-party claims were improper so it dismissed the third-party complaint. Jacobs filed for a writ of procedendo to vacate the municipal court order and to compel transfer to the common pleas court. The appellate court denied the writ, and Jacobs appealed to the Ohio Supreme Court.

{¶ 11} The *Jacobs* Court affirmed. It concluded that the third-party claim failed to satisfy Civil Rule 14's conditions and failed to serve its purposes. The Court said that the personal-injury claim did not arise out of the same transaction or occurrence as the primary claim for unpaid rental charges: the primary claim was based on contract; the third-party alleged tortfeasors were strangers to that contract. And, said the Court, the two claims did not share the same subject matter–the same circumstances or issues. Moreover, "the judgment in the primary claim has no effect on the third-party claim," and several negligence-related issues would still have to be determined. *Jacobs*, at 242 ("It would still have to be determined whether the alleged tortfeasors were negligent; whether their negligence was the proximate cause of the accident; whether appellant was contributorily negligent; and the appropriate measure of damages, if any."). Finally, the Court said that "no purpose of Civ.R. 14 would be

achieved by allowing the claim." Id. "It would not avoid a duplication of testimony or evidence, for the two claims are entirely separate and independent. There are no facts or legal issues common to the two claims. Nor would it avoid an inconsistent verdict because the validity of the third-party claim is in no way dependent upon or derivative of the primary claim. Moreover, it would not avoid a multiplicity of actions, for these are separate and independent claims which should not be tried together." Id. at 242-243.

{¶ 12} Middleton correctly points out that here, unlike in *Jacobs*, the third-party claim does have an issue in common with the primary claim–the reasonable value of the Hospital's services. If the alleged tortfeasor is found liable, Middleton may recover "the reasonable value of the medical care required to treat [his] injury." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, at ¶7. As Middleton also argues, this means that, if the two claims are tried separately, it is possible that inconsistent judgments on the reasonable value issue will result. What to do with a third-party claim–try it with the primary claim, sever it, or try it separately–is a question left to the trial court to answer in its discretion. *Jacobs*, at 241 (holding that, "under Civ. R. 14(A), a trial judge has discretion to determine whether a third-party complaint should be tried with the primary claim, severed from it, or be tried separately"). Therefore the only question we need answer is whether, by deciding to dismiss the third-party claim, effectively severing it from the medical services claim, the municipal court abused its discretion. See *Ballard Welding v. Paul Neff & Assoc., Inc.* (May 17, 1990), Montgomery App. No. 11995 (applying the abuse-of-discretion standard to a trial court's Civil Rule 14 decision). A court abuses its discretion when its decision is "unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 13} A single common issue does not mean that the claims must be tried together. The Fifth District has explained that, while "[t]he purpose of Civ.R. 14(A) is to provide a mechanism for disposing of multiple claims arising from a single set of facts in one action[,] * * * [i]mpleader cannot be used as a way of combining all controversies having a common relationship." *Cambridge Appliance & Serv., Inc. v. German* (June 20, 1996), Guernsey App. No. 95-CA-24, citing *Renacci v. Martell* (1993), 91 Ohio App.3d 217, 220 (Internal citations omitted.). Importantly, "[i]n order for a third-party claim to be appropriate pursuant to Civ.R. 14(A), it must be derivative of the outcome of the main claim. The third-party defendant must be 'secondarily liable' or 'liable over.' Civ.R. 14 requires that the liability of the third party be dependent upon the outcome of the main claim." Id., citing *Renacci*, at 220. Here, while Middleton's third-party claim does have an issue in common with the primary claim, it does not depend on, and is fundamentally separate from, the Hospital's primary claim. If the alleged tortfeasor is liable, she is liable regardless of how the Hospital's claim is resolved. We cannot say that the municipal court decision to sever the claims was unreasonable or arbitrary.

{¶ 14} Similarly, while it is possible that inconsistent judgments could result concerning the reasonable value of the Hospital's services, we cannot say that this potentiality alone renders the court's decision unreasonable or arbitrary. See *Ballard Welding* ("Nothing on the face of the trial court's judgment appears to be arbitrary or unreasonable although there is the potential for inconsistent judgments depending on the defenses which might be raised * * *."). Finally, in this case, the likelihood of inconsistent judgments is perhaps non-existent. In his personal injury claim, Middleton can recover the reasonable value of necessary medical expenses incurred. The Ohio Supreme Court in *Robinson* held that a

medical bill is admissible as evidence of the reasonableness and necessity of the amount charged. Only when the medical provider has accepted a lesser amount as payment in full does *Robinson* permit admission of evidence of the lesser payment on the question of reasonableness. Here, Middleton was uninsured. There is little chance that the "reasonable value" of his treatment will be affected by some insurance carrier's full payment of the bill with a lesser amount. It is also possible that in Middleton's personal injury claim, evidentiary rulings could preclude the tortfeasor from offering evidence to challenge the reasonableness of the hospital's charges. The ruling on the Hospital's motion to dismiss Middleton's third-party complaint was left to the sound discretion of the trial court. While we might not have found error if the court had overruled the motion to dismiss and had transferred the case to the court of common pleas, as it is, we do not find that the court abused its discretion by granting the motion to dismiss.

{¶ 15} The first assignment of error is overruled.[2]

## 3. Denial of leave to withdraw admissions

{¶ 16} The Hospital served Middleton with six requests that asked him to admit (1) that he was hospitalized at Miami Valley Hospital on September 25, 2008, (2) that he received medical treatment there on that date, (3) that he received a statement from the Hospital

---

[2]Middleton's third-party complaint also claimed indemnity from the alleged tortfeasor, a claim that could be said to arise "because of" the primary claim. But this claim must be dismissed as a matter of law. "A right to indemnity * * * is the right of a person who has been compelled to pay what another should have paid to require complete reimbursement." *Waverly City School Dist. Bd. of Edn. v. Triad Architects, Inc.*, Franklin App. No. 08AP-329, 2008-Ohio-6917, at ¶33, citing *Travelers Indemn. Co. v. Trowbridge* (1975), 41 Ohio St.2d 11, at paragraph two of the syllabus. Importantly, "[indemnity] arises from contract, not tort, even though the underlying action or claim giving rise to the right to indemnity is a tort action." *Waverly*, at ¶29 (Citation omitted.). Middleton does not allege that any sort of indemnity contract exists, and he premises his indemnity claim on tort. See Defendant's Third-Party Complaint, at ¶8 ("If it is determined that Middleton is liable to the Plaintiff [the Hospital] in any respect whatsoever, then Tammy Schauer [the alleged tortfeasor] is equally liable to Miami Valley due to Tammy Schauer's negligence with respect to Middleton."). Also, the underlying action here (the Hospital's action on

showing an account balance of $5,573.10 for treatment received, (4) that he personally has not made any payments toward the balance, (5) that, as far as he knows, no one else has made any such payments, and (6) "that the amount owed for the medical services referenced in Requests #1 and #2 is [his] liability as the recipient of those medical services." Since Middleton did not respond, the discovery rules deemed each admitted. See Civ.R. 36(A)(1) (stating that the failure to respond timely to a request for admission means "[t]he matter is admitted"). The discovery rules do allow the withdrawal of admissions, see Civ.R. 36(B), but it is not necessary here.

{¶ 17} Middleton does not dispute that he owes the Hospital something or that he received a statement or any other matter. He disputes only the amount he owes. In none of the admitted matters did Middleton admit that owes the Hospital a particular amount.[3] Furthermore, the trial court granted judgment against Middleton in the specific amount of $3,905.94. That figure is derived from the Affidavit Evidencing Account Balance filed March 29, 2010, not from any admission Middleton failed to make. Accordingly, we do not need to determine if it was error for the municipal court to deny Middleton's request for leave to withdraw his admissions because any such error would be harmless.

{¶ 18} The second assignment of error is overruled.

**4. Grant of summary judgment**

{¶ 19} Middleton's third assignment of error states: "The Trial Court Erred by Entering Summary Judgment for Plaintiff-appellee." However, "Middleton admits that he was

---

account) is based on contract, not tort.

[3]Had the sixth request also cited Request #3 we may have found otherwise.

injured in an automobile collision, that he was transported to MVH and that MVH treated him for injuries he sustained in the collision. He also admits the existence and non-payment of MVH's billings." Appellant's Merit Brief, p.10. The essence of this assignment of error is Middleton's argument that the trial court had no evidence of the "reasonableness" of the charges in the Hospital's bill, and that the court denied Middleton "the right to discover insurance write-offs that would have reduced his hospital bill had he been covered by health insurance." Id. The denial of additional time for discovery is dealt with in the next assignment of error. Here we will address only the "reasonableness" evidence.

{¶ 20} "The value of medical services, as a general rule, is to be ascertained and fixed by the usual price paid for like services at the time and place of performance." *Chiropractic Clinic of Solon v. Kutsko* (Dec. 5, 1996), Cuyahoga App. No. 70119, citing *Sabroske v. Williamson* (1958), 79 Ohio Law Abs. 257. Put differently, "'the measure of the value of medical services is * * * the reasonable value of the services in the community where they are rendered, by the person who rendered them.'" *Neurosurgical Assoc., Inc. v. Borowsky* (Sept. 18, 1980), Cuyahoga App. No. 41197, quoting 42 Ohio Jurisprudence 2d, Physicians and Surgeons, Section 174. The Hospital therefore is entitled to the reasonable value of the medical services it rendered Middleton. See *St. Vincent Med. Ctr. v. Sader* (1995), 100 Ohio App.3d 379, 384; *Borowsky* ("'It is a settled general rule that a physician or surgeon is, in the absence of an agreement as to the amount of his compensation, entitled to recover the reasonable value of his services.'"), quoting 42 Ohio Jurisprudence 2d, Physicians and Surgeons, Section 174; *Sabroske*.

{¶ 21} The reasonable value of medical services is a question of fact. One Ohio court

has said that "[a] hospital is entitled to the presumption that the reasonable value of the services rendered is its customary charge." *Sader*, at 384. "A medical provider may be entitled to a presumption that its customary fees are reasonable." Id. at 383, citing *Wood v. Elzoheary* (1983), 11 Ohio App.3d 27, 28. In personal-injury actions, the Ohio Supreme Court, citing statutory law, has said that a bill or statement is prima facie evidence of reasonable value. See *Robinson*, at paragraph one of the syllabus (stating in pertinent part that "an original medical bill rendered * * * [is] admissible to prove the reasonableness and necessity of charges for medical and hospital care"), following *Wagner v. McDaniels* (1984), 9 Ohio St.3d 184; R.C. 2317.421 ( "In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm, or corporation issuing such bill or statement"). We note that a copy of the itemized bill was filed under seal on April 30, 2010, apparently at the request of the court during a telephone conference.

{¶ 22} Under Civ.R. 56, summary judgment is proper only when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66. We determine that in this case submission of the bill is prima facie evidence of the reasonableness of the charges and sufficient for a grant of summary judgment absent evidence or other reason to infer to the

contrary. Once a movant has presented sufficient evidence for a grant of summary judgment, the nonmoving party then has a reciprocal burden as outlined in Civ.R. 56(E), which provides that the "adverse party may not rest upon the mere allegations or denials of [the party's] pleadings" but "must set forth specific facts showing that there is a genuine issue for trial." If the nonmoving party does not respond or identify specific facts to demonstrate a genuine issue of material fact, summary judgment is proper. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107. Middleton has presented no specific facts contrary to the prima facie reasonableness of the hospital's bill and there is no apparent reason to infer to the contrary. Accordingly, the court was correct to grant summary judgment against him for the stated amount (less what he had already paid.)

**{¶ 23}** The third assignment of error is overruled

**5. Denial of additional extension of time for discovery**

**{¶ 24}** Middleton's fourth assignment of error challenges the municipal court's denial of his Civ. R. 56(F) motion for a continuance to conduct additional discovery. The relevant timeline of discovery looks like this:

Sept. 24, 2009 Motion for Summary Judgment filed

Dec. 29, 2009 Entry Dismissing the Third Party Complaint and Granting Defendant 14 Additional Days to Respond to the Motion for Summary Judgment (14 days would end January 12, 2010)

Jan. 19, 2010 Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, or in the Alternative, Defendant's Rule 56(f) Motion for Continuance

Jan. 27, 2010 Entry Granting Defendant's Motion for Continuance ("The Defendant has thirty (30) days to complete discovery and respond to Plaintiff's Motion for Summary Judgment. The Court shall then rule on the Motion for Summary Judgment without hearing.") (30 days would end February

26, 2010)

March 8, 2010    Defendant's Notice of Service of Interrogatories and Document Requests upon Plaintiff

March 9, 2010    Defendant's Motion for Enlargement of Time to File Response to Plaintiff's Motion for Summary Judgment

{¶ 25} In its decision denying additional time for discovery, the court noted that two previous continuances had been granted and that the defendant had not filed a response to the Motion for Summary Judgment, or the request for an additional continuance until after the response time had expired.

{¶ 26} "An appellate court may not reverse the decision to grant or to deny a Civ.R. 56(F) motion for a continuance absent an abuse of discretion. 'The term "abuse of discretion" implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.'" *Hiddens v. Leibold*, Montgomery App. No. 06-CA-41, 2007-Ohio-6688, at ¶18, citing *Blakemore*, at 219.

{¶ 27} We also note that some of the matters that Middleton apparently wanted to discover might not be evidence in response to the motion for summary judgment. The defense argues:  "Pursuant to *Robinson v. Bates * * * Middleton is permitted to introduce into evidence at trial the amounts MVH charges others for the same or similar hospital services, including without limitation persons whose medical bills are covered by health insurance or by government-sponsored programs like Medicare and Medicaid, to rebut MVH's claim that its billings to Middleton are reasonable." Affidavit of Thomas J. Intili, ¶4 (attached to the January 19, 2010 Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, or in the Alternative, Defendant's Rule 56(F) Motion for Continuance)  But *Robinson* was a personal-injury case concerned with whether the collateral-source rule bars from evidence the

amount that a hospital actually accepted as full payment for medical services when that amount was less than the amount first billed. See *Robinson*, at ¶16-17 (holding that the rule did not bar such evidence). Middleton is liable to the Hospital for "the usual price paid for like services at the time and place of performance," or "the reasonable value of the services in the community where they are rendered, by the person who rendered them." *Robinson* does not say, and we express no opinion, about whether, in a collection case like the present one, a defendant may present evidence of the amount that a hospital charges other third-party payers for hospital services. We note this only to indicate that the trial court, in denying an additional continuance, may have considered that the defendant's stated discovery efforts were not focused on obtaining evidence (if it exists) that the amounts the Hospital charged him exceeded the usual and reasonable amounts that it charges people in his situation for the same or similar services.

{¶ 28} Given the two previous continuances, the timing of the respective filings, and the nature of the discovery requested, we cannot say that the trial court abused its discretion by denying Middleton's request for a continuance to conduct further discovery.

{¶ 29} The fourth assignment of error is overruled.

**6. Disposition**

{¶ 30} Having overruled each of the assignments of error, we affirm the municipal court's December 29, 2009 judgment dismissing the third-party complaint, and we affirm the court's August 2, 2010 judgment overruling Middleton's motion to withdraw admissions, denying his motion for additional time, and granting the Hospital's summary judgment motion.

. . . . . . . . . . . . . .

FAIN, J. and FROELICH, JJ., concur.

Copies mailed to:

Michael T. Williams
Jennifer L. Gardner
Thomas J. Intili
Danielle A. Groves
Hon. Deirdre E. Logan