[Cite as *Riverside Methodist Hosp. v. Phillips*, 2013-Ohio-423.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HARDIN COUNTY

RIVERSIDE METHODIST HOSPITAL,

    PLAINTIFF-APPELLEE,                 CASE NO. 6-12-14

    v.

STEPHANIE S. PHILLIPS,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hardin County Common Pleas Court
Trial Court No. CV 20111183

**Judgment Affirmed**

Date of Decision:   February 11, 2013

APPEARANCES:

    *J. C. Ratliff and Jeff Ratliff* **for Appellant**

    *Claire C. Curtis and Michael T. Williams* **for Appellee**

Case No. 6-12-14

**SHAW, J.**

{¶1} Defendant-appellant, Stephanie S. Phillips ("Phillips"), appeals the judgment of the Hardin County Court of Common Pleas granting the motion for summary judgment of plaintiff-appellee, Riverside Methodist Hospital ("Riverside").

{¶2} On September 2, 2011, Riverside filed a complaint against Phillips alleging a claim for an action on an account. The complaint specifically alleged Phillips owed Riverside $51,886.25 for spinal surgery performed on Phillips at its facility. Due to privacy concerns, Riverside chose not to attach a statement of account itemizing the value of the medical services rendered to Phillips, but instead stated in the complaint that a statement would be provided under seal upon the trial court's request. Phillips subsequently filed an answer denying the claims in the complaint and specifically challenging whether Riverside's charges for medical and hospital services on the account were reasonable or necessary.

{¶3} On February 21, 2012, Riverside filed a motion for summary judgment claiming there is no genuine issue of material fact that Riverside rendered medical and hospital services to Phillips in amount of $ 51.635.25,[1] that Phillips' patient account remained due and owing, and that the charges for the medical and hospital services were reasonable and necessary.

---

[1] For reasons not apparent in the record there is a discrepancy in the amount of indebtedness alleged in the complaint and in Riverside's motion for summary judgment. Notably, the trial court granted Riverside judgment for $51,635.25.

{¶4} On March 19, 2012, Phillips filed a memorandum contra to Riverside's motion for summary judgment asserting that a genuine issue of material fact remained as to whether Phillips' insurance provider, Aetna, is responsible for payment of the charges and as to whether the amount of the charges billed by Riverside was reasonable and necessary.

{¶5} On April 9, 2012, the trial court summarily granted Riverside's motion for summary judgment.

{¶6} Phillips now appeals asserting the following assignment of error.

**THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO THE ACCOUNTS, INCLUDING THE DATE SERVICES WERE PROVIDED, THE TYPE OF SERVICES PROVIDED, THE REASONABLENESS OF THE AMOUNT CHARGED**.

{¶7} In her sole assignment of error, Phillips argues that the trial court erred in granting Riverside's motion for summary judgment because a genuine issue of material fact exists as to whether the amount Riverside charged for medical and hospital services was reasonable and necessary. Specifically, Phillips claims that because Riverside failed to submit an itemized statement of the services charged for the trial court's review, there is no evidence in the record demonstrating that the amount Riverside billed was reasonable. Phillips further claims that by granting Riverside summary judgment, the trial court deprived her of the opportunity to present evidence at trial that Riverside would have accepted a lesser

amount from her insurance provider than the amount it billed her as an uninsured patient.[2] For both of these reasons, Phillips maintains summary judgment is inappropriate.

{¶8} Riverside, for its part, asserts that Phillips admitted to receiving a copy of the itemized statement, that it included affidavits and other evidentiary materials in support of its motion for summary judgment verifying the amount contained in the itemized statement, and that a copy of the itemized statement would have been provided to the trial court under seal upon its request. Riverside further maintains that simply because the trial court did not request a copy of the itemized statement does not negate the fact that the bill is prima facie evidence of reasonableness of the charges and sufficient for a grant of summary judgment absent evidence or other reason to infer to the contrary.

{¶9} Initially, we note that an appellate court reviews a grant of summary judgment de novo, without any deference to the trial court. *Conley–Slowinski v. Superior Spinning & Stamping Co.*, 128 Ohio App.3d 360, 363 (6th Dist.1998). A grant of summary judgment will be affirmed only when the requirements of Civ.R. 56(C) are met. This requires the moving party to establish: (1) that there are no genuine issues of material fact, (2) that the moving party is entitled to judgment as a matter of law, and (3) that reasonable minds can come to but one conclusion and

---

[2] There are some allegations in the briefs and motions that insurance coverage may have been denied, however, there is nothing in the record to support these allegations.

that conclusion is adverse to the non-moving party, said party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); *see Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995–Ohio–286, paragraph three of the syllabus.

{¶10} The party moving for summary judgment bears the initial burden of identifying the basis for its motion in order to allow the opposing party a "meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112, syllabus (1988). The moving party also bears the burden of demonstrating the absence of a genuine issue of material fact as to an essential element of the case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996–Ohio–107. Once the moving party demonstrates that he is entitled to summary judgment, the burden shifts to the nonmoving party to produce evidence on any issue which that party bears the burden of production at trial. *See* Civ.R. 56(E).

{¶11} Even though the reasonable value of medical services is a question of fact, "[a] medical provider may be entitled to a presumption that its customary fees are reasonable." *St. Vincent Med. Ctr. v. Sader*, 100 Ohio App.3d 379, 383 (6th Dist.1995). In personal-injury actions, the Supreme Court of Ohio has said that "[b]oth the original medical bill rendered and the amount accepted as full payment are admissible to prove the reasonableness and necessity of charges rendered for medical and hospital care." *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-

6263, ¶ 17; *see*, *also* R.C. 2317.421 (stating "In an action for damages arising from personal injury or wrongful death, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm, or corporation issuing such bill or statement"). Once medical bills are admitted, a defendant may then present evidence to challenge their reasonableness. *Wood v. Elzoheary*, 11 Ohio App.3d 27, 28, (8th Dist.1983); see, also, *Stiver v. Miami Valley Cable Council*, 105 Ohio App.3d 313, 320 (2d Dist.1995).

{¶12} The following is a recitation of the evidence presented by both parties addressing the reasonableness of the amount charged by Riverside for the medical services it provided Phillips.

{¶13} Riverside filed a complaint alleging an action on an account and claiming that Phillips owed $51,866.25 for medical services rendered. Riverside did not attach an itemized statement or bill to the complaint but instead provided the following explanation: "[a] copy of the account is not attached to this Complaint in order to protect the patient's personal health information. However, a statement was provided to [Phillips], and one will be provided to this Court upon request and under seal." (Complaint at ¶ 5). *See* Civ.R. 10(D)(1) (stating

"*Account or written instrument.* When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading").

{¶14} In her answer, Phillips raised the issue of the reasonableness of Riverside's charges for the medical services by asserting that "Plaintiff is not entitled to the relief sought as its charges are not reasonable or necessary." (Answer at ¶ 7).

{¶15} The case proceeded to discovery and the record indicates that interrogatories, requests for documents and admissions were exchanged between the parties.

{¶16} Riverside subsequently filed a motion for summary judgment asserting that there is no genuine issue of material fact regarding the reasonableness of the charges billed to Phillips and that the account remained due and owing. Riverside attached documentary evidence in support of its position. In particular, Riverside submitted a copy of the request for admissions completed by Phillips, in which Phillips admitted to receiving a statement in the amount of $51,635.25 from Riverside for the medical services rendered. (Doc. 13, Ex. A at Admissions ¶ 3). Riverside also attached a copy of the interrogatories answered

by Phillips, in which she stated that she did not compare the charges contained in Riverside's bill to those of other hospitals. (Id. at Interrogatories ¶¶ 2-4).

{¶17} Riverside then attached two affidavits to its motion for summary judgment. The first is from Kimberly S. Fox, which states the following:

**1. I am the Manager of Patient Accounts at Riverside Methodist Hospital;**

**2. I have personal knowledge of the information contained within this Affidavit;**

**3. I have access to the patient accounts of [Phillips], and;**

**4. I have reviewed the accounts and have found that the balance(s) due and owing [Riverside] by [Phillips], is:**

| Account Number | Amount Due to Hospital |
|---|---|
| **\*\*\*\*2514** | **$51,635.25** |

**5. Hospital records reflect that, while the patient is insured by Aetna, the balance became the patient's responsibility once the patient failed to return requested accident information to Aetna within forty-five days.**

(Doc. 13, Ex. B) The second affidavit is from Teresa Adkins and states the following:

**1. I am a Legal Specialist in Patient Accounts at OhioHealth dba Riverside Methodist Hospital;**

**2. I have personal knowledge concerning the information contained within this affidavit;**

**3. I have access to the file(s) and patient account(s) concerning this matter regarding Defendant, Stephanie S. Phillips, and;**

> **4.    I have reviewed the file(s) and found that OhioHealth submitted medical records from this patient account to Aetna on January 18, 2010, at Aetna's request;**
>
> **5.    I further found that Aetna did not make any additional requests for information on this patient account.**

(Doc. 13, Ex. B).

{¶18} In response to Riverside's motion for summary judgment, Phillips filed a memorandum contra and attached the following documentary evidence. Phillips submitted the admissions she answered during discovery, in which she admitted to receiving a statement from Riverside in the amount of $51,635.25, but disputed her liability for payment of the bill and asserted that she believed the bill would be paid, at least in part, by Aetna, her insurance provider.  (Doc. 16, Ex. A). Phillips also attached a self-serving affidavit to her memorandum contra, in which she stated the following:

> **1.    I am the Defendant in the above referenced case.**
>
> **2.    I was insured by Aetna Life Insurance at the time I was treated at Riverside Methodist Hospital.**
>
> **3.    I was with understanding that my treatment with Riverside Methodist Hospital would be paid by Aetna Life Insurance Company.**
>
> **4.    Attached is a true and accurate copy of the letter I received from Aetna Life Insurance Company requesting medical records from Riverside Methodist Hospital.**

(Doc. 16).   The letter referenced in Phillips' affidavit was also attached to her memorandum contra.  This letter is dated December 15, 2009, nearly two weeks

before Phillips' scheduled surgery. The letter informs Phillips that "[i]n order to complete our review and make a coverage determination, additional information is required." (Aetna Letter, Dec. 15, 2009). The letter further requests specific medical records be submitted and explains that "[t]he information is required to determine if the patient's condition and requested service meet certain criteria outlined in Aetna's Clinical Policy Bulletin." (Id.) Finally, the letter states that "[i]f no additional information is received within 45 days of the date of this letter, a review will be conducted based upon the information available." (Id.)

{¶19} Civil Rule 56(E) states, in pertinent part,

> **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.**

Accordingly, if the nonmoving party does not respond or identify specific facts to demonstrate a genuine issue of material fact, summary judgment is proper. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 1996-Ohio-107.

{¶20} Based on our review, we find that it is uncontroverted that Phillips' admitted to receiving a statement from Riverside in the amount of $51,635.25 for medical services rendered and therefore was apprised of the specific charges Riverside alleged she owed. Even though an account statement was not made a

part of the record for the trial court to review prior to granting summary judgment, Riverside presented other evidence by way of its employees' affidavits to corroborate the amount of the charges contained in the bill sent to Phillips. While Phillips did assert the issue of reasonableness of the charges in her answer, the only evidence she presented in support of her position against summary judgment did not address the issue of reasonableness but instead only addressed the issue of liability and whether Phillips and/or Aetna were responsible for the payment of Riverside's bill.

{¶21} Moreover, despite her arguments on appeal, Phillips admitted that she did not compare the charges contained in Riverside's bill to those of other hospitals nor did she demonstrate that Riverside customarily engaged in a practice of accepting an amount less than the one originally billed. Phillips' general assertions on appeal regarding an industry-wide practice of insurance companies accepting "write-off" amounts without evidence tying that practice to the facts and circumstances of this case is simply insufficient to create an genuine issue of material fact to avoid summary judgment.

{¶22} Notwithstanding our conclusion on this matter, we find it troublesome that neither Riverside nor the trial court found it necessary to incorporate into the record a copy of the itemized statement to support an action and a judgment on an account. However, because Phillips neglected to present

*any* evidence to challenge Riverside's showing that the amount billed for the medical services was reasonable and necessary, we conclude that she failed to meet her reciprocal burden under Civ.R. 56(E) and thus failed to demonstrate that a genuine issue of material fact exists to defeat summary judgment. Accordingly, we conclude that the trial court did not err in granting Riverside's motion for summary judgment. Phillips' assignment of error is overruled.

**{¶23}** Based on the foregoing, the judgment of the Hardin County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON, P.J. and ROGERS, J., concur.**

**/jlr**