[Cite as *Univ. Hosp. v. Wells*, 2021-Ohio-3666.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| THE UNIVERSITY HOSPITAL, | : | APPEAL NO. C-210132 |
| | | TRIAL NO.   A-1902334 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| WILLIAM WELLS, | : | |
| Defendant-Appellee. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                                                    Remanded

Date of Judgment Entry on Appeal:  October 13, 2021

*Dreyfuss Williams & Associates, Co., L.P.A.,* and *John F. Garswood* for Plaintiff-
Appellant,

*William Wells,* pro se.

**CROUSE, Judge.**

{¶1}    Defendant-appellee William Wells went to plaintiff-appellant The University Hospital ("University") for emergency medical treatment on October 8, 2018. He was uninsured at the time and signed a financial agreement accepting responsibility for the charges he would incur. However, an express price term for the medical services was not included in the agreement. University ultimately billed Wells for the treatment rendered on that date and a follow-up visit on October 19, 2018. When Wells did not pay, University filed suit. Wells did not answer the complaint or otherwise appear. University filed for a default judgment and sought the full cost of the treatment, totaling $25,767.30.

{¶2}    The trial court held an evidentiary hearing where University presented evidence regarding the reasonableness of its charges. It submitted the medical bill and presented the testimony of Wally Lester, an assistant director of patient services for University. Lester testified that University, in order to ensure that its charges are reasonable, utilizes a third-party vendor who evaluates hospital charges around the country and compares them to University's charges.  Lester testified that University's charges fall near the 75th percentile of other level one trauma centers and academic medical centers in the country.

{¶3}    The trial court granted a default judgment in favor of University, but reduced the amount by 40 percent, lowering the award to $15,460.38. University has appealed. Wells did not file an appellate brief or otherwise appear on appeal. For the following reasons, we reverse the trial court's decision regarding the amount of damages awarded. The judgment is affirmed in all other respects. The cause is

remanded to the trial court with instructions to enter a default judgment in favor of University for the full amount of the medical bills, which totals $25,767.30.

### *Sole Assignment of Error*

{¶4} University's sole assignment of error states: "R.C. §2317.421 states that a medical bill constitutes prima facie evidence of the reasonableness of the charges." In its first issue for review, University argues that "on an unopposed Motion for Default Judgment, [the trial court] erred in requiring additional evidence of the reasonableness of the medical charges in a collections case when the medical bill was properly submitted for review." While not set forth as an assignment of error, University ultimately maintains that the trial court abused its discretion in reducing the amount of the medical bill by 40 percent. Because we disagree with University's assignment of error as written, but understand that the crux of University's argument is disagreement with the trial court's reduction of the medical bill, we recast University's assignment of error to reflect its argument.

{¶5} We review a trial court's decision on a motion for a default judgment for an abuse of discretion. *Bank of Am., N.A. v. Smith*, 1st Dist. Hamilton No. C-170654, 2018-Ohio-3638, ¶ 19. We will not reverse unless a trial court's decision is unreasonable, unconscionable, or arbitrary. *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶6} University's claim is an action-on-account (a.k.a. "collection") claim. Wells signed an agreement of financial responsibility, but there was no agreement at the time as to the cost of the services to be rendered. Therefore, the case is best characterized as one involving a quasi-contract or implied-in-law contract. *See St. Vincent Med. Ctr. v. Sader*, 100 Ohio App.3d 379, 384, 654 N.E.2d 144 (6th Dist.1995), quoting *Lucas v. Costantini*, 13 Ohio App.3d 367, 369, 469 N.E.2d 927, (12th Dist.1983) (An implied-in-law contract arises "where a recovery is sought for services rendered or materials furnished and the circumstances are such that people expect to be paid and pay for such conduct."); *N. Side Bank & Trust Co. v. Trinity Aviation, LLC*, 2020-Ohio-1470, 153 N.E.3d 889, ¶ 14 (1st Dist.) ("[I]mplied-in-law contracts are legal fictions which operate in equity when one party wrongfully receives a benefit giving rise to a legal obligation.").

> "The value of medical services, as a general rule, is to be ascertained and fixed by the usual price paid for like services at the time and place of performance." Put differently, "the measure of the value of medical services is * * * the reasonable value of the services in the community where they are rendered, by the person who rendered them."

*Miami Valley Hosp. v. Middleton*, 2d Dist. Montgomery No. 24240, 2011-Ohio-5069, ¶ 20, quoting *Chiropractic Clinic of Solon v. Kutsko*, 8th Dist. Cuyahoga No. 70119, 1996 WL 695637, *3 (Dec. 5, 1996).

{¶7} University argues that the medical bill provided prima facie evidence of the value of the services (i.e., the reasonableness of the charges). It points us to R.C. 2317.421, which provides:

In an action for damages arising from *personal injury or wrongful death*, a written bill or statement, or any relevant portion thereof, itemized by date, type of service rendered, and charge, shall, if otherwise admissible, be prima-facie evidence of the reasonableness of any charges and fees stated therein for medication and prosthetic devices furnished, or medical, dental, hospital, and funeral services rendered by the person, firm, or corporation issuing such bill or statement.

(Emphasis added.) While the plain language of the statute explicitly applies to personal-injury and wrongful-death cases, other courts have applied it to action-on-account cases.

{**¶8**}     In *Middleton*, 2d Dist. Montgomery No. 24240, 2011-Ohio-5069, at ¶ 1, the plaintiff hospital filed a motion for summary judgment against the uninsured defendant patient for payment of medical services. The court held that submission of the medical bill was prima facie evidence of the reasonableness of the charges and sufficient for a grant of summary judgment absent evidence to the contrary. *Id.* at ¶ 21-22, citing R.C. 2317.421 and *Sader*, 100 Ohio App.3d at 384, 654 N.E.2d 144 (although it did not cite R.C. 2317.421, the Sixth District held that "the hospital is entitled to the presumption that the reasonable value of the services rendered is its customary charge."); s*ee Riverside Methodist Hosp. v. Phillips*, 3d Dist. Hardin No. 6-12-14, 2013-Ohio-423, ¶ 11; *Chaffee Chiropractic Clinic, Inc. v. Stiffler*, 9th Dist. Wayne No. 16AP0033, 2017-Ohio-7790, ¶ 28.

{**¶9**}     This court followed *Middleton* and *Sader* in *Univ. Hosp. v. Campbell*, 1st Dist. Hamilton No. C-110285, 2012-Ohio-1909, ¶ 11, when it held that "a hospital is entitled to a presumption that the value of the services rendered is the amount of

its customary charge." While this court did not cite R.C. 2317.421, it relied on *Middleton*, which did cite R.C. 2317.421. A review of *Middleton*, however, shows that in coming to its conclusion that a medical bill is prima facie evidence of reasonable value, the court relied on *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, which was a personal-injury case. The *Robinson* court held, "R.C. 2317.421 makes the [medical] bills prima facie evidence of the reasonable value of charges for medical services." *Id.* at ¶ 9. Likewise, *Sader*, upon which *Middleton* relied, relied on *Wood v. Elzoheary,* 11 Ohio App.3d 27, 462 N.E.2d 1243 (8th Dist.1983), which was also a personal-injury case. In *Wood*, the court held, "R.C. 2317.421 causes [plaintiff's medical bills] to be prima facie evidence of their reasonableness, while affording opposing counsel an opportunity to challenge their reasonableness with contrary evidence." *Id.* at 28.

{¶10} By its express language, the presumption set forth in R.C. 2317.421 only applies to personal-injury and wrongful-death cases. Contrasting personal-injury and action-on-account cases illustrates why a presumption is appropriate in the former, but not the latter. In the personal-injury context, the presumption of reasonableness applies to ease the evidentiary burden on the injured plaintiff by placing it upon the person responsible for causing the injury. *See* Alp, *Imprecision's Terrible Toll: When Hospitals in Ohio Sue to Collect from Their Patients, Often the Loser Is the Rule of Law*, 43 U.Dayton L.Rev. 373, 380 (2018). "The benefit of the statute's burden-shifting goes to the party that paid the bill, or is obligated to pay it, and not to the party that issued it." *Id.* at 381.

{¶11} An action-on-account case involves a quasi-contract or contract implied-in-law. In such cases, the party asserting the claim seeks recovery in

6

quantum meruit (a.k.a unjust enrichment) and must prove the reasonable value of the services rendered. *Gioffre v. Simakis*, 72 Ohio App.3d 424, 428, 594 N.E.2d 1013 (10th Dist.1991); *see Deffren v. Johnson*, 2021-Ohio-817, 169 N.E.3d 270, ¶ 10 (1st Dist.) ("[A] party may recover the reasonable value of services rendered in the absence of an express contract if denying such recovery would unjustly enrich the opposing party."). The justification for removing the evidentiary burden of the party bringing the claim does not exist in action-on-account cases—there is no tortious conduct to penalize. Therefore, we hold that a hospital's medical bill does not represent prima facie evidence of, or create a presumption regarding, the reasonableness of the charges in action-on-account cases. To the extent that this holding conflicts with *Campbell*, we overrule *Campbell*.

{¶12} Having determined that a presumption does not apply, we must consider whether it was an abuse of discretion for the trial court to find that University's charges were unreasonable and to apply a 40-percent discount.

{¶13} The trial court asked University whether it had any evidence related to "fair market value analysis, willing buyer, willing seller, what they're both willing to accept without any compulsion." University stated that it did not. The court found that the fact that University's charges were within the 75th percentile nationally *rebutted* any presumption that it may have been entitled to. Then, the court relied upon its prior, unrelated case in determining the value of the services—*Univ. of Cincinnati Med. Ctr. v. Drahmann,* Hamilton C.P. No. A-1403190 (July 16, 2015). In that case, University gave Drahmann a 40-percent discount because he was uninsured. Without further analysis, the trial court decided that a 40-percent discount was appropriate in the present case as well.

7

{¶14} As expressed by the trial court, evidence comparing University's charges to local and regional hospitals would have been insightful. Nevertheless, based on the evidence in the record, we find that University established the reasonableness of its charges. The fact that the charges were within the 75th percentile nationally demonstrated that the charges were not a "price gouge." The medical bill detailed the services performed, and the prices for those services were comparable to other similar hospitals.

{¶15} Furthermore, although *Drahmann* and the present case both involved action-on-account claims against uninsured defendants, that is the extent of the similarity between the two cases that can be gleaned from the record. The ultimate issue is the reasonableness of the charges—i.e., whether the charges reflect the value of the services. There was no evidence in the record comparing the services rendered in *Drahmann* with those rendered in the present case, and there was no finding by the trial court that the services were similar.

### *Conclusion*

{¶16} The trial court abused its discretion in finding that University's charges were unreasonable and applying a 40-percent discount. Therefore, the sole assignment of error, as recast, is sustained. The judgment of the trial court is reversed as it relates to the amount of damages awarded. The judgment is affirmed in all other respects. The cause is remanded to the trial court with instructions to enter a default judgment in favor of University for the full amount of the medical bills, which totals $25,767.30.

Judgment affirmed in part, reversed in part, and cause remanded.

**MYERS, P.J.,** and **BOCK, J.,** concur**.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.